## JOHN PARKINSON *vs.* THE STATE.

### July Term, 1867.

P., who is charged in an indictment as claiming to be the owner of a turnpike road, is found guilty and fined on said indictment in the circuit court of the county of M., for keeping said road in such bad repair, and suffering it to remain obstructed to such an extent that it is impossible for the people of said county to enjoy the same. HELD:

> That no judgment could properly be rendered upon the indictment; that the judgment should have been arrested, and the indictment quashed by the court below, because it does not charge that said turnpike road was a public road, nor that it was in the county of M., nor that P. was under any duty or liability to keep it in repair.

At the November term, 1865, an indictment was found against *John Parkinson* by the grand jury of the county of *Marshall*. The indictment was as follows:

"*Marshall* county to-wit: In the circuit court of said county. The jurors of the State of *West Virginia* in and for the body of the county of *Marshall*, and now attending the said court, on their oaths, present that *John Parkinson* now claims to be the owner of the *Poplar Springs and Cameron turnpike road*, and has been, from the 15th day of October, 1865, up to the time of the finding of this indictment, controlling and supervising said road, and that he, the said *John Parkinson*, keeps said road in such bad repair, and suffers it to remain obstructed to such an extent, that it is impossible for the people of said county to enjoy the same, against the peace and dignity of the State of *West Virginia*."

At the April term, 1866, summons having been previously executed upon the defendant, he appeared and pleaded not guilty, and at the June term, 1866, the case was tried and the verdict of the jury found the defendant guilty and as-

---

*Absent from illness.

sessed his fine at 85 dollars, and judgment was rendered upon the verdict of the jury. The defendant moved the court to set aside the verdict and judgment rendered, alleging that no judgment ought to have been rendered on the verdict of the jury, which motion the court overruled and the defendant excepted to the opinion of the court overruling said motion. The case was brought to this court on a writ of error.

*Z. Jacob & R. C. Holliday* for defendant in error.
*Attorney General Melvin* for the State.

Brown, President. This was an indictment against the plaintiff in error for suffering a turnpike road to be in bad repair and obstructed so that the people of the county could not enjoy it. To this indictment the party pleaded not guilty, and the jury found a verdict against him and assessed his fine at 85 dollars upon which the Circuit Court of Marshall entered judgment and overruled the party's motion in arrest of judgment, and also his motion to set aside the judgment and grant him a new trial.

The indictment does not charge that the turnpike road, suffered to be in bad repair and obstructed, was a public road, nor that it was in the county of Marshall, nor that the plaintiff in error was under any duty or liability to keep it in good repair, or in any repair—indeed it charges no offense whatever; and no judgment, therefore, could properly be rendered upon it, but the judgment should have been arrested and the indictment quashed by the court and the party adjudged to go thereof without day.

I think, therefore, that the judgment should be reversed, and that this court should render such judgment as the circuit court ought to have rendered.

Maxwell, J., concurred.

Judgment reversed, with costs against the prosecutors, Jesse Bane and James Clouston, indictment quashed and party discharged accordingly to go thereof without day.