# Wheeling.

3   689
53   595

## DANIEL A. STOFER *vs.* THE STATE OF WEST VIRGINIA.

### January Term, 1869.

1. Where it is charged in an indictment for perjury that the oath was administered in the circuit court of a certain county holden by a certain judge, and that the court had competent authority to administer the oath, it is sufficiently charged that the court had competent authority to administer it.

2. If the proceeding be *ex parte*, it is sufficiently charged as material if it be averred that "it then and there became material to *him*," the defendant, to take the oath.

3. Although it is sufficient in certain cases to charge the offense in the language of the act creating it, yet as the terms of the statute enacting the "attorneys' test oath" are generic, and embrace every species of each particular class of offenses described in the oath, it is indispensable that the facts and circumstances constituting the offense, such as time, (when it is of the essence of the offense) place, manner and occasion of committing it, should be set forth in an indictment for perjury under the statute, with such certainty and particularity as to give the accused reasonable notice of what he is required to meet and defend himself against, and also to enable him in case he should be subsequently proceeded against for the same offense, to plead the former conviction or acquittal in bar of the proceeding.

The indictment in this case, which was found in June, 1867, is as follows: "The jurors of the State of West Virginia in and for the body of the county of Pocahontas, and now attending the said court, upon their oath present, that on the 3d day of June, 1867, in the said county, and at the circuit court held for the said county, at the court house thereof, on the 3d day of June, 1867, by Nathaniel Harrison, judge of the said court, one Daniel A. Stofer applied to the said court for admission to practice therein, as an at-

torney at law, and the Legislature of West Virginia having, by an act entitled an act in relation to the oaths of attorneys at law, passed February, 14th, 1866, prescribed that no attorney at law shall be allowed to practice in any court, or before any justice or board of supervisors of this State, after the passage of this act, until he shall take in the court in which he proposes to practice, in addition to the oaths required by law, the following oath:

"'I, (A. B.) do solemnly swear that I have not, since the twentieth day of June, eighteen hundred and sixty-three, borne arms against the United States, nor against the State of West Virginia; that I have voluntarily given no aid or comfort to persons engaged in armed hostility thereto, by countenancing, counselling or encouraging them in the same; that I have not sought, accepted nor attempted to exercise the functions of any office, whatever, under any authority in hostility to the United States, or the State of West Virginia; that I have not yielded a voluntary support to any pretended government, authority, power, or constitution, within the United States, hostile or inimical thereto; and that I take this obligation freely, without any mental reservation or purpose of evasion.'

"It then, and there, became material, to the said Daniel A. Stofer, to take, in addition to the oaths before required by law, the oath so specially prescribed by the act of February 14th, 1866, aforesaid, and that, thereupon, the said Daniel A. Stofer, and in said county, in open court, the said court having then and there authority to administer the said oath, did falsely, wilfully, and corruptly, depose and swear as follows:

"'I, Daniel A. Stofer, do solemnly swear that I have not, since the twentieth day of June, eighteen hundred and sixty-three, borne arms against the United States, nor the State of West Virginia; that I have voluntarily given no aid or comfort to persons engaged in armed hostility thereto, by countenancing, counselling or encouraging them in the same; that I have not sought, accepted nor attempted to exercise the functions of any office, whatever, under any

authority in hostility to the United States, or to the State of West Virginia; that I have not yielded a voluntary support to any pretended government, authority, power or constitution within the United States, hostile or inimical thereto; and that I take this obligation freely, without any mental reservation or purpose of evasion.'

"Whereas, in truth and in fact, the said Daniel A. Stofer had, since the twentieth day of June, eighteen hundred and sixty-three, borne arms against the United States, and the State of West Virginia; had voluntarily given aid and comfort to persons engaged in armed hostility, thereto, by countenancing, counselling and encouraging them in the same; had sought, accepted and attempted to exercise the functions of office under authority in hostility to the United States, and to the State of West Virginia; had yielded a voluntary support to a pretended government, authority, power and constitution within the United States, hostile or inimical thereto; whereby the said Daniel A. Stofer did then, and there, willfully and corruptly, swear falsely, and commit willful and corrupt perjury, against the peace and dignity of the State of West Virginia."

The case was tried on the plea of not guilty, and the jury found against the defendant, who moved in arrest of judgment, because the indictment was not sufficient in law; but the court refused to arrest, whereupon he excepted.

*Boggess* for the plaintiff in error.
*Attorney General Melvin* for the State.

BERKSHIRE, J.  The plaintiff in error was indicted, tried and convicted of perjury in the circuit court of Pocahontas county.

There was no defence or motion to quash the indictment, but the plaintiff in error defended himself under the plea of not guilty. After verdict, however, he made a motion in arrest of judgment, upon the ground of the insufficiency of the indictment; which motion was overruled, and this ruling constitutes the first assignment of error.

Various objections were urged against the indictment in the argument here. It was insisted that it is defective in not averring that the court, in which the oath, constituting the perjury, was taken, had competent authority to administer it.

The indictment charges that, " on the 3d day of June, 1867, in said county (of Pocahontas), and at a circuit court, held for said county at the court house thereof, on the 3rd day of June, 1867 by Nathaniel Harrison, judge of said court, one Daniel A. Stofer applied to said court for admission to practice therein as an attorney at law, and the legislature having passed the act of the 14th of February, 1866, prescribing that no attorney at law shall be allowed to practice in any court," &c.; describing the attorney's " test oath," which is set out in haec verba. And it is then averred that it then and there became material to the said Daniel A. Stofer to take said oath in addition to the oaths required by prior laws, and that thereupon he, in said county, in open court, the said court having then and there authority to administer said oath, &c.

Now, as this court judicially knows that the only court that could be legally held in Pocahontas county on the 3d day of June, 1867, was the circuit court, and that Nathaniel Harrison was judge thereof, I think it does satisfactorily appear in the indictment that the oath described in it was taken in said circuit court, and if so, it is expressly averred that it had competent authority to administer it.

It was also objected that there was no sufficient averment of the materiality of the oath so taken. As the proceeding was ex parte, and no other party to it than the plaintiff in error, and consequently no other person directly interested in it, I think the averment that " it then and there became material to him" (the plaintiff in error) to take said oath is sufficient; especially under a motion in arrest of judgment.

It was also insisted that the indictment is defective in form and substance in failing to charge the offence with sufficient particularity to give the defendant notice of the

particular offence against which he was required to defend himself.

The indictment after setting out in full the test oath, which it avers the defendant had falsely, willfully and corruptly deposed to, proceeds to assign the perjury by negativing the oath so taken in the precise language of the oath, as follows: "Whereas, in truth and in fact the said Daniel A. Stofer had, since the twentieth day of June, eighteen hundred and sixty-three, borne arms against the United States and the State of West Virginia," and so on to the end of the oath.

It will be seen, therefore, that the offence in this case is charged in the exact language of the statute, and the question is, whether in a case of this grave character it is sufficient.

Tested by the ordinary rules of criminal pleadings, it seems to me, it is clearly insufficient. For although it may be sufficient, in certain cases, to charge the offence in the words of the act declaring it, yet as the terms of the statute describing the offence in this case are *generic*, and embrace every species of each particular class of offences described in the oath, it is, according to the inflexible rule in all such cases, indispensable that all the facts and circumstances constituting the offence, such as time (when it is of the essence of the offence) place, manner and occasion of committing it, should be set forth in the indictment with such certainty and particularity as to give the accused reasonable notice of what he is required to meet and defend himself against; and also to enable him, in case he should be subsequently proceeded against for the same offence, to plead the former conviction or acquittal in bar of the proceedings.

This, it is manifest, the defendant in the case could not do; and for this reason, I think the indictment is fatally defective, and is not, as it was claimed in the argument, cured by the statute of *jeofails.* 1 Arch'd, 87, and note 1; 2 Chitty's Crim. Law, 311; *Parkinson* vs. *The State,* 2 W. V. R. 589.

The second error assigned relating to the validity of the law on which the indictment is founded I do not propose to consider, as the decision on other grounds is final, and the same question is before us in other cases to be determined at the present term of this court.

As to the third and last error assigned, I do not think the court erred in overruling the motion for a new trial upon any and all the grounds stated in the bill of exceptions taken for overruling the motion.

The judgment of the circuit court must be reversed and arrested.

The other judges concurred.

JUDGMENT REVERSED.