# CHARLESTON.

## STATE v. PARKERSBURG BREWING CO.

Submitted June 4, 1903. Decided November 7, 1903.

1. INDICTMENT.

An indictment under section 19 of chapter 32 of the Code, which, as a specification of the offense, alleges merely, that

the defendant, "in the house and building in said county, knowingly and unlawfully permitted intoxicating liquors to be sold and vended contrary to law," is insufficient, and should be quashed by the court on motion.   (p. 592.)

Appeal from Circuit Court, Harrison County.

Action by State of West Virginia against the Parkersburg Brewing Co.   Judgment for the State and defendant appeals.

*Reversed and judgment for defendant.*

JOHN F. LAIRD and WALTER E. McDOUGLE, for plaintiff in error.

ATTORNEY GENERAL, for defendant in error.

MILLER, JUDGE:

At the September Term, 1901, of the circuit court of Harrison County, the grand jury then attending that court, found an indictment against the Parkersburg Brewing Company, a corporation formed and existing under the laws of the State of West Virginia; but not alleged in the indictment to be such, corporation.   At the May Term, following, the defendant moved the court to quash the indictment, which motion was overruled.   Thereupon the defendant entered the plea of not guilty, upon which issue was joined.   A jury was impaneled, and a trial had, which resulted in a verdict of guilty against the defendant.   After a motion by the defendant to set aside the verdict and grant it a new trial was overruled, the court rendered judgment in favor of the State against the defendant, Parkersburg Brewing Company, for one hundred dollars fine and the costs of the prosecution.   To this judgment, the defendant was awarded a writ of error.

The indictment is found under section 19 of chapter 32 of the Code, which provides that, "The owner of any house, building or other place mentioned in the next preceding section, who sells, or knowingly permits intoxicating liquors to be sold or vended therein contrary to law, and every person engaged in such unlawful sale, in any such house, building or place, may be indicted for keeping and maintaining a common and public nuisance, and upon conviction thereof he shall be fined not less than twenty nor more than one hundred dollars, and at the dis-

cretion of the court, imprisoned in the county jail not less than ten nor more than thirty days; and judgment shall be given that such house, building or other place be abated or closed up as the place for the sale of such liquors contrary to law, as the court may determine," and it allegs, "That the Parkersburg Brewing Company, on the————day of————, 1901, and thence continuously until the day of the finding of this bill of indictment in the said county in a certain house and building situated on the west side of Water Street on the spot where M. H. Davis's dwelling was recently burned, known as the Salem Theatre, recently owned by G. W. F. Randolph, now occupied and used as and for a Speakeasy and Saloon, and during all the time aforesaid owned by the said the Parkersburg Brewing Company, during all the time aforesaid in said house and building in said County knowingly and unlawfully permit intoxicating *lipuors* to be sold and vended contrary to law and did then and there and thereby in said house and building in said county unlawfully keep and maintain a common and public nuisance; against the peace and dignity of the State. Upon the information of,————————."

The defendant assigns several errors in the record of the proceedings had in the circuit court, all of which may be disposed of by the determination of the first, in which it is contended that the indictment should have been quashed, because it is not specifically alleged therein, that the defendant is an in-corporated company; and because it is not alleged in what particular, the sale or sales were unlawful.

The first question raised has been decided by this Court in *State* v. *Dry Fork R. R. Co.*, 50 W. Va. 235, in which it has held that: "An indictment against a corporation need not aver that it is a corporation;" but the second is not so easily solved.

Section 14 of Article 3 of the Constitution provides that "The accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witnesses against him." The Constitution of the United States guarantees that "in criminal prosecution the accused shall be informed of the nature and cause of the accusation." In the *United States* v. *Cruikshank et al.*, 92 U. S. 544, Mr. Chief Justice Waite, speaking for the Court, says: "In criminal

cases, prosecuted under the laws of the United States, the accused has the constitutional right to be informed of the nature and cause of the accusation." Amendment 6. In *United States* v. *Mills,* 7 Pet. 142, this was construed to mean, that the indictment must set forth the offense "with clearness and all necessary certainty, to apprise the accused of the crime of which he stands charged;" and in the *United States* v. *Cook,* 17 Wall. 174, that "every ingredient of which the offense is composed must be accurately and clearly alleged." It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, "includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species,—it must descend to particulars. I Arch. Cr. Pr. and Pl. 291. The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent, and these must be set forth in the indictment, with reasonable particularity of time, place and circumstances." To the same effect is the dissenting opinion of Mr. Justice Clifford on pages 562, 563 idem. In the case of *State* v. *Flaherty,* 7 Nev. 153, the court says: "A defendant in a criminal action is entitled under the Constitution to have the essential and material facts charged against him, found by the grand jury."

It is a well established rule in criminal pleading that all the facts and circumstances constituting the offense, such as time, (when it is of the essence of the offense,) place, manner and occasion of committing it, shall be set forth in the indictment with such certainty and particularity as to give the accused reasonable notice of what he is required to meet and defend himself against; and also to enable him, in case he should be subsequently proceeded against for the same offense, to plead the former conviction or acquittal in bar of the second proceeding.

*State* v. *Stofer,* 3 W. Va. 693; 1 Arch. 87; 2 Chitty's Cr. Law, 311; *State* v. *Parkinson,* 2 W. Va. 589.

This may be termed an indictment against the defendant for "Keeping and maintaining a comomn and public nuisance." To warrant a conviction, it must be satisfactorily shown that defendant, at the time alleged, (or within the statutory period of limitation) was the owner of the house, building or other place, described; and that it knowingly permitted intoxicating liquors to be sold or vended therein contrary to law. Said section 19 does not specify what shall be a sale, contrary to law. The indictment substantially uses the language of the statute, and therefore does not specifically inform the defendant what violation of the statute it may be called upon to defend on the trial of the indictment.

It has been held by this Court that "it is generally sufficient, in an indictment, to allege a statutory offense in the language of the statute." *State* v. *Boggs,* 36 W. Va. 714; *State* v. *Riffe,* 10 W. Va. 794. But in *State* v. *Mitchell,* 47 W. Va. 789, it is also held: "Though generally sufficient to charge in an indictment an offense in the words of a statute, yet if this does not sufficiently define the particular wrongful act, and give notice to the defendant of the offense he is required to meet,— the particular criminal act in its essentials—the statute words must be expanded by such specification of the essentials as will define the offense with particularity."

Wharton's Cr. Pl. & Pr., at section 151, says: "It is general rule that the specific matter of the whole offense should be set forth in the indictment with such certainty, that the offense may judicially appear to the Court. * * * * We may hold it to be a general rule that where the act is not in itself necessarily unlawful, but becomes so by its peculiar circumstances and relations, all the matters must be set forth in which its illegality consists.   * * * *   As the indictment must contain a specific description of the offense, it is not enough to state a mere conclusion of law. It would be insufficient to charge the defendant with stealing or murdering." Sections 152, 154.

Black on Intoxicating Liquors, at section 437, thus states the rule: "When we speak of the requirement of 'certainty' in an indictment, we mean that the facts constituting the ba-

sis of the prosecution must be stated with such a degree of clearness, explicitness, and detail that the accused may understand, without reasonable hesitation, exactly what charge he is called upon to meet, and may prepare his defense with a view thereto; that he may be enabled to plead the judgment in bar of a second prosecution for the same offense; and that the court may be informed of the facts alleged, so as to determine whether they are sufficient in law to support a conviction should one be had. These objections being general, there is no difference, in respect to the certainty required, between common law offences and statutory crimes, though in the forms of pleading there may be important differences. A person indicted for selling liquor contrary to law is not legally entitled to a more minute detail of statement of the facts necessary to constitute the offense, in the indictment, than he would be in an indictment at common law. But it is clearly necessary that an indictment, under these statutes, should set forth the particular acts alleged as constituting a violation of the law." To the same effect are the cases of *Alleman* v. *People,* 69 Am. Dec. 321; *Phipps* v. *State,* 85 Am. Dec. 380; *Portwood* v. *State,* 94 Am. Dec. 258; *Com.* v. *Hampton,* 3 Grat. 590; *United States* v. *Simmons,* 96 U. S. 360; *United States* v. *Hess,* 124 U. S. 483; *State* v. *Crooker,* 95 Mo. 392.

In *Keck* v. *United States,* 172 U. S. 434, 437, the court says: "The words 'contrary to law,' contained in the statute, clearly relate to legal provisions not found in section 3082 itself, but we look in vain in the count for any indication of what was relied on as violative of the statutory regulations concerning the importation of merchandise. The generic expression, 'import and bring into the United States,' did not convey the necessary information, because importing merchandise is not *per se* contrary to law, and could only become so when done in violation of specific statutory requirements. As said in the *Hess Case,* at p. 486:

"The statute upon which the indictment is founded only describes the general nature of the offense prohibited, and the indictment, in repeating its language without averments disclosing the particulars of the alleged offense states no matters upon which issue could be formed for submission to a jury."

The selling or vending of intoxicating liquors is not *per se*

"contrary to law," but only becomes so by reason of the non-observance of some requirement of the statute. As section 19 does not specify what particular acts shall constitute a breach thereof, we must look to other parts of the statute or statutes for that information. Under section 1 of chapter 32, no person, *without a state license therefor* shall sell intoxicating liquors, or other drinks · enumerated therein. Section 5 prohibits a druggist from selling spirituous liquors, or wine, unless for medicinal purposes; and alcohol, unless for medicinal, scientific or mechanical purposes. Section 16 also contains various restrictive and prohibitory clauses. An indictment under any of these sections must charge the accused with a specific violation of the statute, otherwise it will be bad on demurrer or motion to quash. If found under section 1, it must allege "that without a state license therefor," (or in words clearly equivalent,) the defendant did the act charged. The gist of the alleged offense, the criminal fact to be found in this case, is that defendant knowingly permitted intoxicating liquors to be sold in its property contrary to law.

The indictment should have charged specifically in what particular the sale or sales, knowingly permitted by the defendant, were unlawful.

For the reasons stated, the indictment aforesaid was and is insufficient, and must be quashed. Therefore, the Court here, rendering such judgment as the circuit court should have rendered, the said judgment against the defendant is hereby reversed and annulled, the verdict of the jury is set aside, the indictment aforesaid is quashed, and the defendant discharged therefrom and permitted to go thereof without day.

*Reversed.*