# CHARLESTON.

## STATE V. SEAMAN.

### Submitted May 11, 1915.   Decided June 8, 1915.

1. MUNICIPAL CORPORATIONS—*Sidewalks—Destruction and Failure to Repair—Elements of Offense.*

    The offense created by §56a. xlii, ch. 43, Code 1913, consists of two elements: destruction of or injury to sidewalk, and failure to repair it.   (p. 467).

2. SAME—*Injury to Sidewalk—Failure to Repair—Indictment—Sufficiency.*

    An indictment under the statute, which omits to allege failure to repair, is fatally defective on demurrer.   (p. 467).

Error to Circuit Court, Roane County.

J. D. Seaman, Jr., was convicted of injuring a sidewalk and failing to repair it, and brings error.

*Reversed, verdict set aside, indictment quashed, and accused discharged.*

*Geo. F. Cunningham,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morris* and *J. E. Brown,* Assistant Attorneys General, for the State.

LYNCH, JUDGE:

On an indictment charging violation of §56a.xlii, ch. 43, Code, defendant was found guilty and adjudged to pay a fine and the costs of the prosecution.   The statute creating the offense sought to be charged provides that "any person or persons who shall in any manner destroy, take up or in any way injure any sidewalk already constructed or that may hereafter be constructed according to the provisions of the foregoing section, and shall fail to repair the same, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined not less than five nor more than fifty dollars". The sidewalk contemplated by these sections are those constructed by plank, gravel, concrete or other suitable material, alongside public highways in rural or suburban communities.

Though not specifically assigned as ground for the demurrer

or motion to quash overruled, in the petition for writ of error or in argument, the material defect in the indictment is the failure to aver all the facts and circumstances essential to show the offense prescribed by the statute and defendant's violation of its provisions. The language descriptive of the offense comprehends more than destruction of the sidewalk or injury to it. Circumstances and conditions may readily be perceived justifying temporary injuries to such structures, as where they tend to impede or obstruct travel, or access to the highway from different portions of adjacent farm lands used for agricultural or other purposes, readily conceivable as necessary and unavoidable. Evidently, the statute was not intended to subject to punishment those who, to subserve their immediate convenience, may cause a mere temporary injury to a sidewalk constructed under its authority. That such purpose was not within its purview becomes apparent, in view of the clear and explicit terms used to describe the offense it creates. That offense is composed of two elements: injury done, and failure to repair. Both must concur. An injury repaired is not, but an injury not repaired within a reasonable time is, punishable under the statute. Such is its plain intendment, as manifestly appears from its express terms when properly understood and construed. So interpreted, it subjects to punishment any person who destroys or injures the sidewalk and fails to repair it. Destruction or injury, and failure to repair, constitute the essential elements of the prescribed offense.

Well established is the rule requiring an indictment to allege all the facts and circumstances descriptive of the offense sought to be charged and necessary to advise the accused of the nature and character of the accusation preferred against him. The indictment must aver every fact entering into a legal definition of the crime he is required to answer. The charge that his conduct is "unlawful" or "contrary to law" does not avail to supply the omission of a material element, nor to cure an imperfect description, of the offense. *State* v. *Riffe*, 10 W. Va. 794; *State* v. *Brewing Co.*, 53 W. Va. 593; *State* v. *Welch*, 69 W. Va. 547; *State* v. *Weir*, 71 W. Va. 93. These requirements are applicable to statutory offenses. The indictment must aver a complete description. It must state

all the circumstances constituting a definition of the offense, so as to bring defendant clearly within the statutory terms, and on its face show guilt, conceding the averments made to be true. *State* v. *Dolan*, 58 W. Va. 263; *Huff* v. *Com.*, 14 Grat. 648. General words must be enlarged, if necessary to show a particular wrongful act. *State* v. *Mitchell*, 47 W. Va. 789.

Because the indictment failed to comply with these requirements, and to allege any offense demanding punishment, the trial court erred in overruling the demurrer and denying the motion to quash. We therefore reverse the judgment, quash the indictment, and discharge defendant from further prosecution under it.

*Reversed, indictment quashed and verdict set aside.*