# CHARLESTON.

## STATE v. WOHLMOUTH.

### Submitted May 2, 1916. Decided May 16. 1916.

1. INDICTMENT AND INFORMATION—*Requisites of Accusation—General Rules.*

   An indictment, to be sufficient, must describe the offense with reasonable certainty and precision, that the accused may prepare his defense and avail himself of a judgment of conviction or acquittal in bar of a further prosecution for the same crime; and that the court may be able, when necessary, to determine whether the facts alleged constitute an offense, or, if proved, support a verdict of conviction, and to impose the proper sentence therefor, if one should result from a trial of the case.

2. FALSE PRETENSES—*Indictment and Information—Conclusions and Matters of Fact—Elements of Offense.*

   The averment of facts necessary to show on its face a common-law or statutory offense, not mere conclusions of law, is essential to a valid indictment; and an indictment which in general terms charges that the accused, as agent of a copartnership, did, with intent to sell suits of men's clothing, cause to be published a false and deceptive advertisement, to the effect that to each purchaser of a fifteen dollar suit sold the principal would give free a palm beach suit, well·knowing the employer did not intend to give such suit free but did intend to give a suit of an inferior grade or quality, no sale or gift or offer for sale to the public being averred or that the principal had or possessed· such suits or was a dealer therein for sale to the public, does not sufficiently charge a violation of §1, ch. 43, Acts 1915; §36, ch. 145, Barnes' Code 1916.

Error to Circuit Court, Mercer County.

Julius Wohlmouth was convicted of publishing a false advertisement, and brings error.

*Reversed, indictment quashed, accused discharged.*

*Geo. L. Dillard, Benjamin B. Baker,* and *Sanders, Crockett & Kee,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

LYNCH, JUDGE:

The defendant was indicted and convicted for an alleged violation of §1, ch. 43, Acts 1915; §36, ch. 145, Barnes' Code 1916. That statute forbids, and for a violation thereof penalizes, "any person, firm, corporation or association, or their agents or employees, who with intent to sell or in any wise dispose of merchandise, securities, service, or anything offered by such person, firm, corporation or association, directly or indirectly, to the public for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or an interest therein, causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, hand-bill, poster, bill, circular, pamphlet or letter, or in any other way, an advertisement of any sort regarding merchandise, securities, service, or anything so offered to the public, which advertisement contains any assertion, representation or statement of fact which is untrue and deceptive, knowing or having reason to believe that such assertion, representation or statement is untrue or deceptive."

The indictment, when summarized, charges that on May 30, 1915, in Mercer county, the defendant, general manager of the U. S. Woolen Mills Company, "then and there situate", did, with intent to sell suits of men's clothing, unlawfully cause to be published in the Bluefield Telegraph, a newspaper published and generally circulated in that county, an untrue and deceptive advertisement, which he then knew or had reason to believe was false and deceptive, to the effect that the woolen mills company would give each purchaser of a fifteen dollar suit of men's clothing a palm beach suit free, when that company did not give or intend to give a suit known as a palm beach suit to such purchaser, but did intend to give and did give him a suit of an inferior grade and quality. Except the phrase "then and there situate", the indictment does not aver that the U. S. Woolen Mills Company was engaged in business of any character or for any purpose, or had possessed or offered for sale merchandise of any character, in Mer-

cer county at the date of the publication of the advertisement, or before or since that date, or that the company or the defendant for or in its behalf sold or offered to sell a fifteen dollar suit of men's clothing to any person or to give him free a palm beach suit of any grade or quality, with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto or acquire an interest therein. It is true there is injected into the indictment a phrase, general in its terms, that the defendant ''did then and there with intent to sell suits of men's clothing unlawfully cause to be published'' the advertisement. But there is no charge that either he or his employer then had or possessed any goods or merchandise of any character to offer for sale to the public or to induce the public to purchase. The terms of the statute are general. It speaks of an intent to sell or dispose of to the public, an intent to increase consumption, or to induce the public to enter into some obligation or to acquire title or an interest in merchandise, securities, service or anything offered by any person, firm, corporation or association or their agents or employees for sale to the public. To fall within the condemnation of the statute, the advertisement must relate to something offered for sale to the public by or on behalf of some of the forbidden agencies or instrumentalities, and contain some false or deceptive assertion, representation or statement, with the intent and purpose to increase the consumption of the advertised commodity or to induce the public to invest in it or in some manner assume some obligation in respect thereof.

It can not be said, as counsel for the state contend, that the indictment need allege only the publication and dissemination of the advertisement; that these averments suffice. If that be true, no necessity existed to supplement them by proof of an actual sale of a fifteen dollar suit and the bestowal upon the purchaser free a suit as to the quality and grade of which much testimony was offered on the trial of the case. Under that contention, the introduction of the advertisement and proof of its falsity would have sufficed. But how could it be shown to be false unless put to the test of an actual sale of one of the advertised suits and a gift of the other suit.

If such sale must be proved, it follows as of course that it must be alleged. The object of an indictment is two-fold. It must furnish a description of the offense charged, so that the accused may know what he is required to answer, and prepare for his defense, and, if convicted or acquitted, avail himself of the judgment upon another prosecution for the same offense. The further object is to give such information as will enable the court to determine, when required, whether the facts alleged are sufficient to support a conviction, and to impose sentence therefor, should one result from the trial of the case. For these purposes, facts, not conclusions of law, must be stated. *State* v. *Brewing Co.,* 53 W. Va. 591; *Stofer* v. *State,* 3 W. Va. 693; *State* v. *Ball,* 30 W. Va. 382. A crime, whether at the common law or by statute, is evidenced by acts and intent. These acts and the intent inducing them the indictment must set forth with reasonable precision. It should state the essential elements of the alleged offense. And where a statutory or common-law definition of an offense includes generic terms an indictment to be sufficient must give a more detailed specification of the accusation which it prefers; it must particularize. 1 Archbold Cr. Pl. & Pr. 291. The defendant did not know, because not informed, as he ought to have been, by the indictment, in what particular he or his employer failed to comply with the terms and conditions of the advertisement alleged to be false and deceptive; in what its falsity and deception consisted; wherein it was untrue. The act or omission relied on to show such falsity or deception was not stated. The indictment did not apprise him of the particular omission or failure to respond to the undertaking expressed therein. Nothing evinces a departure from the promised result, except the mere conclusion of the draftsman.

Wherein or to what extent the advertisement is false or deceptive within the intendment of the statute, or the basis for the conclusion that the defendant knew or had reason to believe the assertion, representation or statement therein contained was untrue or deceptive, or how he had or could have obtained that knowledge, or to whom he sold a fifteen dollar suit and failed to deliver free a palm beach suit, the in-

dictment does not aver, nor from its averments can we determine. That knowledge or its source is implied only from the agency averred, a mere assumption not predicated on any other fact alleged or stated. No act performed in the conduct or management of the business entrusted to him, or what the character and extent of such business was, is stated as a basis for the supposition that he knew or had access to any available information inducing the belief that the advertisement was false, deceptive or fraudulent, except such as might arise from the mere alleged managerial employment. It does not appear that he made any sale, or, if made, that he refused or failed to accompany it with a palm beach suit of clothing as promised in the published advertisement. The charge preferred is that he unlawfully caused the publication of a false and deceptive advertisement to the effect that the woolen mills company would do what it did not intend to do, namely, to give a palm beach suit to every person who purchased a fifteen dollar suit of men's clothing, and that the promised gift was not a palm beach suit but a suit of an inferior grade or quality, and that he knew or had reason to believe the offer was untrue, false and deceptive. On what facts these averments are predicated, or the basis on which their truth or falsity is to be tested upon demurrer or motion to quash, the indictment fails to state.

The failure to aver an actual sale of a suit of clothing to some designated person, and a failure or refusal to respond to the offer by the tender and delivery of the promised free gift as an element in determining the truth or falsity of such promise, we think renders the indictment informal, insufficient and defective. The statute is penal; and an indictment charging a violation thereof must aver with precision all the constituent elements of the crime. With these requirements there was a total failure to comply. For these reasons, we reverse the judgment of conviction, sustain the motion to quash, and discharge the accused.

*Reversed, indictment quashed, accused discharged.*