STATE OF WEST VIRGINIA

*v.*

O. L. HARRISON

(CC 724)

Submitted May 6, 1947. Decided June 10, 1947.

*Ira J. Partlow*, Attorney General, and *J. Chandler Curd*, Assistant Attorney General, for plaintiff.

*Herbert M. Blair*, for defendant.

HAYMOND, JUDGE:

In this proceeding two main questions are presented which the Circuit Court of Lewis County, upon the joint application of the parties, has certified to this Court. The first question involves the constitutionality of Section 22,

Article 5, Chapter 61, Code of West Virginia, 1931. The second question has to do with the sufficiency of the indictment against the defendant based upon the foregoing statute.

The defendant, O. L. Harrison, Mayor of the City of Weston, was indicted by the grand jury of Lewis County at the regular November term, 1946, of the circuit court of that county for the offense of willfully secreting a record in the keeping of and belonging to the office of a public officer. That offense, a misdemeanor, is created by Section 22, Article 5, Chapter 61, Code of West Virginia, 1931. That section contains this language:

"If any clerk of a court, or other public officer, fraudulently make a false entry, or erase, alter or destroy any record in his keeping and belonging to his office, or shall willfully secrete any such reccord from any person having the right to inspect the same, he shall be guilty of a misdemeanor, and, upon conviction, shall be confined in jail not more than one year and be fined not exceeding one thousand dollars; and, in addition thereto, he shall forfeit his office and be forever incapable of holding any office of honor, trust or profit in this State."

The indictment charges that the defendant, in Lewis County, within one year next preceding the finding of the indictment "did willfully and unlawfully secrete the 'docket' from one Margaret Holt Early, she then and there being a member of the Common Council of the City of Westom, a municipal corporation, and having a right to inspect the said 'docket,' which said docket was a public record of said municipal corporation, required by law to be kept in the office of the Mayor of said municipal corporation, the said O. L. Harrison being then and there the Mayor of said municipal corporation, located within the County and State aforesaid, and as such Mayor, a public officer,".

The defendant appeared and entered his written demurrer to the indictment. By his demurrer he challenged the

constitutionality of the statute and the sufficiency of the indictment if the statute should be held to be constitutional. The circuit court overruled the demurrer and certified the questions raised by it to this Court.

As a general rule courts do not pass upon the constitutionality of a challenged statute unless that question is necessary to the decision of the case. *Edgell* v. *Conaway,* 24 W. Va. 747; *State* v. *McCoy,* 91 W. Va. 262, 111 S. E. 125. This widely recognized principle is based upon the attitude of deference of the judiciary for the legislative department of the government. *Payne* v. *Staunton,* 55 W. Va. 202, 46 S. E. 927. In this instance, for reasons to be stated later in this opinion, determination of the constitutionality of the statute is not essential to the decision of this case; and though this Court recognizes the principle just stated and ordinarily is disposed to apply it, the situation here presented justifies the consideration and the determination of both of the questions certified. A situation similar to that presented in this case existed in the case of *State* v. *Mangus,* 120 W. Va. 415, 198 S. E. 872, in which the trial court sustained a demurrer to an indictment for reckless driving based upon a statute which created that offense and held the statute unconstitutional on the ground that its language was too indefinite and uncertain to state an offense. Those questions were certified here. This Court upheld the constitutionality of the statute but affirmed the action of the trial court in sustaining a demurrer to the indictment.

In the consideration of the constitutionality of the statute on which the indictment is based, the scope of the inquiry is limited. As no trial has been held and no judgment imposing the statutory punishments of fine, imprisonment, forfeiture of office and disqualification from holding office in the future has been entered, the validity of that portion of the statute is not presented and, for that reason, it may not now be made a point of decision. Though its constitutionality is not challenged as violative of the provision of the Constitution which requires the penalties to be proportioned to the character and the de-

gree of the offense, the forfeiture and the disqualification provisions of the statute have not been unnoticed. As already stated, they are not at present a determinable issue and, for that reason, they have not been passed upon. Accordingly, no opinion is entertained or expressed with respect to the constitutionality of that part of the statute.

The principal ground upon which the defendant attacks the constitutionality of the statute, and the sole ground to which consideration is confined, is that the language of Section 22, Article 5, Chapter 61, Code of West Virginia, 1931, is too vague and too indefinite to constitute a valid statement of any offense.

In resolving the question of the constitutionality of an act of the Legislature which creates an offense and imposes penalties for its commission, two controlling principles must be kept in mind. The first of these principles is that the power of the legislative department to create an offense is subject only to the limitations imposed by the State and Federal Constitutions. *State* v. *Woodward,* 68 W. Va. 66, 69 S. E. 385. The test of legislative power in this State is constitutional restriction. That which the Constitution of this State does not prohibit the Legislature from doing, and which does not violate the Constitution of the United States, the Legislature may do. *Harbert* v. *County Court,* 129 W. Va. 54, 39 S. E. 2d 177; *State Road Commission* v. *County Court,* 112 W. Va. 98, 163 S. E. 815. The power of the Legislature of a State is an attribute of sovereignty and its power would be absolute if there were no constitutional limitations. *Howard* v. *Ferguson,* 116 W. Va. 362, 180 S. E. 529. The other principle is that any doubt as to the constitutionality of an act of the Legislature will always be resolved in favor of the validity of the statute. *State* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *State* v. *Furr,* 101 W. Va. 178, 132 S. E. 504.

The defendant insists, however, that it can not be determined, from the words of the statute, when his act violates its provisions. In this jurisdiction a statute which undertakes to create a statutory offense, to be valid, must

define or specify the acts necessary to constitute the offense with sufficient certainty to enable a person to know, when he does an act, whether it is forbidden by the statute. *State* v. *Lantz,* 90 W. Va. 738, 111 S. E. 766, 26 A. L. R. 894. See *Hartford* v. *Davis,* 107 W. Va. 693, 150 S. E. 141, and *United States* v. *L. Cohen Grocery Company,* 255 U. S. 81, 65 L. ed. 516, 41 S. Ct. 298. Unless an act of the Legislature creating a statutory offense satisfies this requirement of certainty in the description of the crime, it is violative of the constitutional provisions that in all trials the accused shall be fully and plainly informed of the character and the cause of the accusation, Section 14, Article III, Constitution of West Virginia, and that no person shall be deprived of life, liberty, or property, without due process of law, Section 10, Article III, Constitution of West Virginia, and is void for uncertainty and indefiniteness. The challenged statute is framed in broad general terms. It refers to any record in the keeping of a public officer and belonging to his office. It imposes criminal liability upon those within its scope who willfully secrete any such record from any person who has the right to inspect it. Though each of its essential words is comprehensive in character, the statute is not, for that reason, uncertain or indefinite. A valid statute may be couched in general language. See *State* v. *Mangus,* 120 W. Va. 415, 198 S. E. 872. All of the mentioned persons and things may be readily ascertained and determined by anyone of ordinary intelligence and experience. The statute designates the character of the clerk or other officer against whom its prohibition is directed.

The legislation here under consideration does not contain the defects condemned in the case of *State* v. *Lantz,* 90 W. Va. 738, 111 S. E. 766, 26 A. L. R. 894. In the statute then before this Court the acts forbidden were qualified by relative and ambiguous terms. In that case the act of the Legislature was held to be invalid because the prohibited conduct was not stated or defined with certainty or definiteness. It did not make the operation of an automobile around a curve on a public road a crime, as the

Legislature could have done. Instead, it undertook to make such operation an offense only when the vehicle was not under control or when its speed was not reduced to a reasonable and proper rate. These indefinite, vague and relative terms which qualified the operation of the automobile rendered it impossible for the accused to know or to determine what act upon his part constituted a violation of the statute. No standard was established by which the nature of the prohibited act could be determined. An act which to one person appears reasonable by another may not be so regarded. No such qualifying terms of a relative or indeterminate character are to be found in the statute now under review. Tested by the recognized requirement of certainty of expression, it does not, in that particular, offend or transgress any constitutional provision. With respect to the statement of the offense, the statute is sufficiently definite and certain, and is not, in that particular, violative of any requirement imposed by the Constitution.

The second question certified involves the sufficiency of the indictment.

The record mentioned in the indictment is characterized as the "docket." No further or particular description is set forth. The language used does not inform the accused whether the docket in question is a parchment, a list, a single entry, a register, or a book. The word docket is a term of varied meaning. It may denote any of the foregoing objects. Webster's New International Dictionary, Second Edition, Unabridged, 1940; Black's Law Dictionary, 3rd edition, page 603; 13 Words and Phrases, Permanent Edition, page 112; Vol. 1, Bouvier's Law Dictionary, Rawle's 3rd Edition, page 911. In the indictment its identity is not established. There is no statement that it was in existence at the time the act with which the defendant is charged is alleged to have been committed. Except the statement that the docket was a public record, there is no allegation of facts from which its character can be ascertained. In fact, there is no adequate description of the record which the defendant is charged with having se-

creted. There may have been several dockets or different kinds of dockets. The indictment does not say there was only one such record. The language is too vague and indefinite; it does not give the defendant sufficient information concerning the identity or the character of the record as to which he is charged.

The statute requires the record to be in the keeping of the accused and to belong to his office. There is no such averment in the indictment. Its language is that the record was "required by law to be kept in the office" of the defendant. It does not state that it was in fact kept in his office. It might not have been kept there as required by law. The indictment does not charge that it was. That it was so kept is merely a legal inference. Such inference can not take the place of a direct and positive averment of a material element of the offense. Every ingredient necessary to constitute the offense must be clearly alleged in an indictment. *State* v. *Wohlmouth,* 78 W. Va. 404, 89 S. E. 7; *State* v. *Parkersburg Brewing Co.,* 53 W. Va. 591, 45 S. E. 924. See *State* v. *Simmons,* 99 W. Va. 702, 129 S. E. 757; *State* v. *Seaman,* 76 W. Va. 467, 85 S. E. 670. An essential element or ingredient of the offense created by the statute is the existence of a record which at the specified time was kept by the officer and which, at that time, belonged to his office. The indictment contains no such allegation.

The portion of the indictment relating to the person from whom the defendant is charged to have secreted the record, except the statement of the name and the status of such person as a member of the council of the City of Weston, consists of the recital that such person had a right to inspect the docket. The language is: "then and there being a member of the Common Council of the City of Weston, a municipal corporation, and having a right to inspect the said 'docket'." This statement, a participial phrase, expresses merely a legal conclusion. No facts upon which the right of inspection depends or from which it arises are stated. This right is an essential element of

the offense, and an allegation containing facts from which the right is derived is necessary. For this purpose facts, not conclusions of law, must be averred. *State* v. *Wohlmouth,* 78 W. Va. 404, 89 S. E. 7; *State* v. *Parkersburg Brewing Co.,* 53 W. Va. 591, 45 S. E. 924. The right to inspect a public record does not attach to all persons or to every situation. He who asserts that right must have some interest in the record of which he seeks inspection, and the inspection must be for a legitimate purpose. There is no right of inspection of a public record when the inspection is sought to satisfy a person's mere whim or fancy, to engage in a pastime, to create scandal, to degrade another, to injure public morals, or to further any improper or useless end or purpose. *Payne* v. *Staunton,* 55 W. Va. 202, 46 S. E. 927. See 45 Am. Jur., Records and Recording Laws, Section 22. The exercise of the right of inspection, when it exists, is subject to reasonable rules and regulations. *Payne* v. *Staunton,* 55 W. Va. 202, 46 S. E. 927. The lawful custodian of such records may maintain such reasonable supervision as may be necessary to safeguard and preserve them and to afford equal opportunity for all who seek inspection. 45 Am. Jur., Records and Recording Laws, Section 16. The indictment in this case is wholly devoid of any averment of facts which give rise to, or indicate the existence of, the right of inspection in the person from whom the defendant is accused of secreting the record to which it inadequately refers.

Two attributes are essential to a valid indictment. One is to inform the accused, by sufficient description of the alleged offense, of the cause and the character of the accusation, that he may know what he is required to answer, prepare his defense, and avail himself of the judgment if he is ever again prosecuted for the same offense. The other is to furnish sufficient information to enable the court to determine whether the facts averred will support a conviction, and, if a conviction results from the trial, to impose sentence upon the defendant. *State* v. *Wohlmouth,* 78 W. Va. 404, 89 S. E. 7. In the opinion in that case, this

Court uses this language: "A crime, whether at the common law or by statute, is evidenced by acts and intent. These acts and the intent inducing them the indictment must set forth with reasonable precision. It should state the essential elements of the alleged offense." The defects already pointed out demonstrate the insufficiency of the indictment now under review. Because the statement, in the indictment, of the offense created by the statute is insufficient in that it does not contain the necessary allegations of essential facts, the indictment is fatally defective, and the trial court should have sustained the demurrer of the defendant.

The ruling of the Circuit Court of Lewis County that the statute, Section 22, Article 5, Chapter 61, Code of West Virginia, 1931, sufficiently states the offenses which it enumerates, and, in that particular, is not violative of any constitutional provision, is affirmed. No opinion is expressed or ruling given as to the constitutionality of the other parts of the statute. The judgment of the Circuit Court in overruling the demurrer of the defendant to the indictment is reversed; and this proceeding is remanded to that court with directions that the indictment be dismissed.

> *Affirmed in part; reversed in part; case remanded with directions.*