# CHARLESTON.

## STATE *v.* HOWARD ALEY.

Submitted September 11, 1923.    Decided October 9, 1923.

1.  PERJURY—*Indictment Must Charge Willful and False Swearing to Material Matter.*

    In· an indictment for perjury, under our statute, which fails to allege that the defendant wilfully and falsely swore to certain statements touching a material matter or thing in the chargingpart of the indictment, is bad on demurrer.    (p. 529).

2.  SAME—*Indictment Failing to Positively Charge Materiality of Testimony Demurrable.*

    An indictment for perjury which fails to positively allege the materiality of the testimony, alleged to have been sworn to, in the charging part of the indictment, and fails to set forth facts showing its materiality, is bad on demurrer. (p. 534).

3.  SAME—*Facts can not be Charged by Inference, Argument, or Legal Conclusions.*

    The facts· constituting the offense of perjury must be averred directly, positively and with certainty, and not by way of inference, argument · or legal conclusions.  (p. 535).

Case Certified from Circuit Court, Putnam County.

Howard Aley was charged with perjury.  A demurrer to the indictment was sustained, and the question certified.

*Affirmed.*

*E. T. England,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *John T. Simms,* for the State.

*H. H. Darnall,* for defendant.

McGINNIS, JUDGE:

This case was certified here from the Circuit Court of Putnam County, upon the court's sustaining the demurrer to the indictment against the defendant for perjury.

The indictment reads as follows:

> "The Grand Jurors of the State·of West Virginia, in and for the body of the County of Putnam, and now attending the said Court, upon their oaths; present, that, Howard Aley on the 18th day of October, 1921,.

in the county aforesaid, at the court house thereof, by
the circuit court of said county, one George Wisman
was tried on an indictment charging that he the said
George Wisman, James Wisman, Herb Robinson and
Charles Robinson, did unlawfully and feloniously com-
bine, conspire and confederate together for the purpose
of inflicting bodily injury upon one Grant Adkins and
that in pursuance of such conspiracy did unlawfully
and maliciously shoot, cut, stab and wound, and by
other means bodily injury did cause one Walter Ad-
kins (the said George Wisman having elected to be tried
separately on said indictment) as more fully appears
by the records of the said circuit court, and that upon
said trial of the said George Wisman for the felony
aforesaid, Howard Aley appeared in said court as a
witness for and on behalf of the said George Wisman
and was then and there in said county and the circuit
court aforesaid, duly sworn by J. W. Anderson, the
clerk of said court, to testify as a witness upon the trial
of George Wisman upon said indictment and the evi-
dence he shall give upon said trial as such witness
should be the truth, the whole truth, and nothing but
the truth, the said J. W. Anderson, then and there hav-
ing authority by law to administer the said oath; and
that upon the trial of said George Wisman for the
felony aforesaid, it then and there became material to
inquire whether the said Walter Adkins entertained
bad feeling and ill-will toward the said George Wis-
man, or either of his co-defendants, and whether the
said Walter Adkins was armed at the time he was al-
leged to have been assaulted by the said George Wisman
and others, and that thereupon the said Howard Aley
being so sworn as a witness aforesaid, did, at the said
trial in the county aforesaid, feloniously, wilfully, and
corruptly depose, swear and testify, among other things,
that on the morning of the 13th day of May, 1921, be-
tween the hours of 10:30 and 11 o'clock A. M. of that
day, that the said Walter Adkins came into the store
room of the St. Albans Hardware Company in the Town
of St Albans where the said Howard Aley was em-
ployed as clerk and salesman by the said Hardware
Company, and at the said time and place as aforesaid
the said Walter Adkins walked up to the cash register
where the said Howard Aley was and, according to the
said Howard Aley's testimony the following conversa-
tion was had: "He said, 'I want some pills.' I said
'What?' he said 'I want some pills.' I laughed at him

and told him that he would have to go to a drug store
and get the pills He said 'I want someWisman pills.'
I started to direct him to a drug store, next door, and
he said 'I want some 38 cartridges'; and he bought a
half a dollar's worth of 38 S. & W. cartridges;''
Whereas in truth and in fact the said Walter Adkins
was not in the store room of the St. Albans Hardware
Company on the morning of the 13th day of May, 1921,
and did not see or speak to the said Howard Aley, on
that day or have any conversation with him whatever
and did not speak for any pills or any Wisman pills
and did not ask for any 38 cartridges and did not
buy any 38 S. & W. cartridges from the said Howard
Aley in the said store or from any other person therein,
whereby the said Howard Aley did then and there upon
said trial as aforesaid in the said County of Putnam,
feloniously, wilfully and corruptly swear falsely as to
a matter material to the issue then being tried, and did
feloniously commit wilful perjury, against the peace
and dignity of the state.''

Our statute defines perjury as follows:

"If any person to whom an oath is lawfully admin-
istered on any occasion shall, on such occasion, *wilfully
swear falsely* touching any material matter or thing,
he shall be guilty of perjury;'' Barnes Code 1923, ch.
147 sec. 1. (West Virginia).

And the statute setting forth the sufficient allegation in an
indictment for perjury, is as follows:

"In an indictment or accusation of perjury or subor-
nation of perjury, it shall be sufficient to state the
substance of the offense charged against the accused,
and in what court or by whom the oath was admin-
istered which is charged to have been falsely taken, and
to make an averment that such court or person had
competent authority to administer the same, together
with the proper averments to falsify the matter where-
in the perjury is assigned, without setting forth any
part of any record or proceeding at law or equity, or
the commission or authority of the court or person be-
fore whom the perjury was committed; but nothing
herein shall be construed to allow, without the consent
of the accused, a part only of the record, proceeding or
writing to be given in evidence on the trial of such in-

dictment or accusation'' Barnes Code West Virginia, 1923, ch. 158, sec. 4.

Under these two sections, read together, the willful falsity of the testimony touching a material matter or thing is the substance of the offense of perjury. This indictment does not allege that the defendant wilfully and falsely swore to a material matter or thing in the charging part of the indictment.

In *Fitch's Case,* 92 Va., 824, the indictment, in the charging part, uses the identical words as are used in the case under consideration, to-wit:

''Feloniously, wilfully and corruptly depose, swear and testify,''

And clearly negatives the testimony upon which the charge is based, and concludes:

> ''Whereby the said James Fitch, Jr., did then and there upon the said trial in the city aforesaid feloniously, wilfully and corruptly swear falsely and feloniously commit wilful perjury.''

The conclusion is couched in substantially the same words as are used in the conclusion of the indictment before us. At the time Fitch was indicted the Statute of Virginia was the same as our present statute, both as to what constituted perjury and the essential charges in an indictment for that offense, and the court there held:

> ''In an indictment for perjury it is indispensably necessary to charge that the defendant swore *falsely.* Falsity is the main ingredient of the crime. Under the statute (Sec. 3741 Code) it is necessary to charge that the defendant feloniously and wilfully swore falsely, or that he feloniously, wilfully, and falsely swore, or to use in the place of the word *wilful* some word that is its equivalent. An indictment for perjury is not sufficient which simply charges that the defendant did ''feloniously, wilfully, and corruptly depose, swear, and testify,'' although it concludes, whereby the defendant ''did then and there, upon the said trial, in the city aforesaid, feloniously, wilfully, and corruptly swear falsely, and feloniously commit wilful perjury.'' The latter words are but the averment of a legal inference from what had been stated.''
> 
> 94 W. Va.

. In *Thomas* v. *Commonwealth*, 2 Rob. 795, the court held:

> "An indictment for perjury in giving false testimony before a grand jury, charges that the defendant, being duly sworn, "did depose and give evidence to the grand jury in substance and to the effect following" (Stating the testimony) "which said evidence was wilfully false and corrupt, for in truth," &c. (falsifying the facts deposed to) "and so the defenndant did, in manner and form aforesaid, commit wilful and corrupt perjury." On general demurrer to the indictment, Held, here is no sufficient averment that the defendant wilfully or corruptly swore falsely, and the indictment is defective as well at common law as under the statute"

This case was decided in 1843, and the Virginia Statute, at that time, sec. 1 ch. 148, Revised Code 1819, was essentially the same as our present statute, and the Statute of Virginia, at the time Fitch's case was decided in 1896.

In Fitch's case, the court gives a clear and concise resume of the indictment for perjury, both at Common Law and under the Statute of Geo. II, ch. 20, sec. 11, which is essentially our present state and was the statute of Virginia at the time Fitch's Case was decided

However, the revisors of the present Virginia Code added to the statute, as it then read (sec. 4868 Code of Va.), and as our statute now reads (sec. 4 ch. 158 Barnes' West Virginia Code 1923), the following words:

> "A distinct allegation, averment or statement in support of the indictment, that the defendant did corruptly swear falsely, or did on the occasion mentioned in the indictment, commit wilful perjury, shall be a sufficient allegation of the falsity of the oath alleged to have been taken."

To which addition the Code Commission appends the following note:

> "The last sentence is new, and the object of it is to meet the objection to the indictment sustained in Fitch's Case, 92 Va., 824, 24 S. E. 272; while not intending to criticise the holding in that case, it would

seem that the former law was defective in not provid-
ing for a contingency which there arose  The defendant
had a fair and impartial trial, but because the charge
of the falsity of the oath was contained in the conclud-
ing part of the indictment instead of in the charging
part, the court felt compelled to give him a new trial.''

The case of *State* v. *Powell,* 28 Tex. 626, holds:

> ''That the facts constituting the offense must be
> averred directly, positively and with certainty and not
> by way of inference or argument.''

> ''The elements of this offense to be charged in the
> allegation are: 1. A judicial proceeding or course of
> justice.  2. The defendant having been sworn to give
> evidence therein.  3. His testimony.  4. Its Falsity.
> 5.  Its Materiality.''  3 Bishop's Criminal Procedure,
> sec. 901.

The indictment before us, it will be observed, does not use
the word *falsely* in the charging part of the indictment.  It,
however, contains the allegation, in the charging part of the
indictment, that:

> ''Defendant did at the said trial, in the said county
> aforesaid, feloniously, wilfully and corruptly depose,
> swear and testify, etc.''

and it is contended that other allegations set forth in the
indictment sufficiently show the falsity of the statement made
by the defendant, which obviates the necessity of using the
word *falsely* and that these allegations are equivalent to the
words, ''wilfully and falsely.''

In the concluding part of the indictment, it is alleged after
setting forth the statements alleged to have been made by the
defendant, and, after negativing the same:

> ''Whereby the said Howard Aley did then and there,
> in the said County of Putnam, feloniously and wilfully
> and corruptly swear falsely as to a matter material to
> the issue then and there being tried and did feloniously
> commit wilful perjury.''

This concluding clause, it will be seen, is a conclusion of law drawn from the previous allegations and negations.

"In all indictments, the offense charged should be averred distinctly and directly, and not by way of intendment or argument." *Thomas* v. *Commonwealth,* 2 Rob. 795.

"It is the province of the indictors to state the facts and leave legal inferences and conclusions to the court." *Fitch's Case, supra.;* 1 Bishop on Criminal Procedure, sec. 329.

There is one other objection to the sufficiency of this indictment raised, and that is: that the testimony alleged to have been given by the defendant does not, of itself, disclose its materiality to the issue, that it does not appear that the statements alleged to have been made by the defendant were made before or after the alleged assault upon Walter Adkins by Wisman. If made after the alleged assault, it would not be material.

In the case of *Stofer* v. *State,* 3 W. Va. 689, the court held:

"It is, according to the inflexible rule in all such cases, indispensable that all the facts and circumstances constituting the offense, such as time (when it is of the essence of the offense), place, manner and occasion of committing it, should be set forth in the indictment with such certainty and particularity as to give the accused notice of what he is required to meet and defend himself against."

This case was decided upon the demurrer to an indictment for perjury.

The indictment before us alleges:

"It then and there became material to inquire whether the said Walter Adkins entertained bad feeling and ill-will toward the said George Wisman, or either of his co-defendants, and whether the said Walter Adkins was armed at the time he was alleged to have been assaulted by the said George Wisman and others, and that thereupon the said Howard Aley, did

94 W. Va.

at the said trial in the county aforesaid feloniously, wilfully and corruptly, depose, swear and testify."

But it fails to allege, in the charging part of the indictment, that the testimony of the defendant, charged in the indictment, was material to prove that the said Walter Adkins entertained ill will toward the said Wisman or either of his co-defendants, or that the said Adkins was armed at the time he was alleged to have been assaulted. It does, however, allege that: "It then and there became material, etc."

This is not a sufficient allegation that the testimony, given by the defendant, was material to the issue, and, for these reasons, we affirm the decision of the lower court, and it will be so certified.

*Affirmed.*