# CHARLESTON.

STATE *v.* CLAUDE LAKE

(No. 6292)

Submitted March 5, 1929.    Decided March 12, 1929.

*W. P. Samples,* for plaintiff in error.

LIVELY, JUDGE:

Defendant was indicted, tried and convicted of perjury, and on March 1, 1928, sentenced to three years confinement in the penitentiary; and prosecutes this writ of error thereto.

At the November Term of the circuit court of Taylor county, one Thomas Neal was indicted for feloniously and burglariously breaking into and entering a certain garage and stealing an automobile therefrom; and at the November Term,

1926, was tried on that charge and found not guilty. Defendant, Claude Lake, was a State's witness in the trial. It is charged in the indictment against him that he knowingly, wilfully and falsely swore to a fact material to the issue in the Neal case. Logically the first point of error to be considered is the demurrer to the indictment which was over-ruled by the court and which is here charged as error.

The indictment asserts that in a certain trial in Taylor county, of an indictment against Thomas Neal for a felony for breaking into a garage and stealing an automobile therefrom, Claude Lake appeared as a witness for the State and was duly sworn to speak the truth; "and it then and there became material to inquire of the said Claude Lake whether he, the said Claude Lake didn't sign a certain paper then and there exhibited to the said Claude Lake, such paper being a certain statement which purposed (purported) to have been signed by said Claude Lake and sworn to before W. Merle Watkins, a notary public, on the 15th day of October, 1926, and the said Claude Lake being so sworn as a witness aforesaid and touching the matter then and there material to be inquired into, in answer to a question then and there propounded to him, 'Didn't you sign that paper?' thereupon did, on the said trial in the county, aforesaid, feloniously, wilfully and corruptly depose, swear and testify, among other things knowingly, and falsely, that he, the said Claude Lake, did not remember of signing said paper and that he, the said Claude Lake, 'Never seen it,' meaning the said paper, and the said statement was material to the issue on said trial, whereas, in truth and in fact, the said Claude Lake did then and there remember that he had signed the said paper referred to, and the said Claude Lake, in truth and fact had theretofore seen the said paper, as the said Claude Lake and then and there well knew, whereby the said Claude Lake did then and there, upon the said trial in the county aforesaid, unlawfully, wilfully, knowingly and corruptly swear falsely and feloniously commit wilful perjury."

The substance is that it became material in the trial to ask Lake if he had not signed a certain paper exhibited to him purporting to have been signed by him, and upon being asked

if he had not signed it, feloniously, wilfully and corruptly, did swear, among other things knowingly and falsely, that he did not remember of signing the paper, and had never seen it, when in truth he did remember signing and had seen the paper, and thereby did unlawfully, wilfully, knowingly and corruptly swear falsely, and feloniously commit wilful perjury.

The points urged against the sufficiency of the indictment are: (1) That in the charging part thereof it is not charged that defendant wilfully and falsely swore to a matter material to the issue in the *Neal* case; and (2) that the affidavit is not set out nor the substance given in the indictment to show its materiality to the issue. On the first point *State* v. *Aley,* 94 W. Va. 529, is relied upon. In that case the indictment failed to allege in the charging part thereof that the defendant had wilfully and falsely sworn to statements touching a material matter. But in the instant case the indictment does charge that defendant did "feloniously, wilfully and corruptly depose, swear and testify among other things knowingly and falsely, that he, the said Claude Lake, never seen it, meaning the said paper, and the said statement and testimony was material to the issue upon said trial", whereas in truth and fact he did remember of signing and had seen the paper, etc. The defect in the *Aley* indictment is not found in the one here. Nor did the indictment in the *Aley* case charge specifically the materiality of the testimony alleged to have been given, and failed to set forth facts showing its materiality which brings us to the second point urged against the sufficiency of the indictment. It is quite generally held that the materiality of the testimony alleged to be false may be charged in either of two ways. First, by a direct averment of materiality, or second, by setting forth the facts from which the materiality is made apparent or necessarily inferred. Wharton's Criminal Procedure, Vol. 2, (10th ed.), page 1552, section 1096; Chitty on Criminal Law, Vol. 2, 307; Bishop's New Criminal Procedure, Vol. 3, section 921. We find no error in overruling the demurrer to the indictment. It appears from the record that on the 14th day of October, 1926, about a year after Neal had been indicted, the defendant was arrested as having been implicated in the crime and put

in jail at Grafton, and on the following day, he went in company with a deputy sheriff to the office of the prosecuting attorney where a statement was made by him and which was reduced to writing by a stenographer in that office and which was signed and sworn to by defendant before a notary public. The witnesses on that occasion say that no threat or inducement was made by any one to the prisoner and that his statement was voluntary. This statement is the affidavit referred to in the indictment. In that affidavit defendant detailed facts concerning the alleged breaking into the garage by Neal and the stealing of the car by him, which strongly tended to show that both he and Neal were guilty of the offense. On that day defendant was released on bond. About a month afterward the Neal case came to trial when defendant Lake appeared as a witness on behalf of the State and was placed on the witness stand. He denied the substance of what was contained in the affidavit, and being asked about the affidavit itself as to whether he signed, said he had recollection of signing some paper, but that he had no recollection of signing that particular paper, and made the statement that he had never seen it. This is the alleged false evidence on which he was indicted, and for which he was convicted. The deputy sheriff, prosecuting attorney and perhaps others testified about his being in the office of the prosecuting attorney and making the statements attributed to him and to the fact that he actually signed the paper after his statement was reduced to writing. The jury could well come to the conclusion under this evidence that defendant swore falsely in the *Neal* case when he said he had never seen this paper, and did not remember having signed it. Probably he was wilfully and knowingly giving false testimony, for which he should be punished. But taking it for granted that he did wilfully and falsely testify that he did not remember signing and had never seen the paper, the question at once arises as to whether that was material in the trial of Neal. The testimony of defendant given in the Neal case was introduced in this case and that was all of the evidence against him, of course, including the affidavit itself and the testimony of the witnesses as to the making of it and what occurred in the

prosecuting attorney's office when the affidavit was taken. We cannot see the materiality of this evidence to the issue in the *Neal* case. Whether he signed or not would have no bearing upon the issue, for it could not be introduced as evidence in that case. It was a confession or admission of a supposed accomplice made after the crime had been committed, not a part of the *res gestae,* and not made in the presence of the accused on trial, and could not be used as evidence against him. *State* v. *Spurr,* 100 W. Va. 121. It might have been introduced in evidence in a trial of the defendant in this case if he had been on trial for burglariously entering the garage. The affidavit was attempted to be introduced in the *Neal* case by the State, and the court very properly refused its admission, because it could not be evidence against Neal, and therefore could not affect his guilt or innocence. If the affidavit could not be used in the trial of Neal, it was immaterial to the issue in that case, whether defendant in this case signed or did not sign it. While the indictment charges that the testimony of defendant touching the affidavit was material to the issue here involved, a necessary and important allegation in an indictment for perjury, the evidence does not show its materiality. His false statement pertaining to the affidavit, inadmissible in the Neal case, does not constitute perjury. It is useless to cite authority on such a well settled and simple proposition of criminal law. The motion of defendant at the close of state's evidence for a directed verdict should have been given. It is unnecessary to, and perhaps improper, to discuss the other errors alleged in the case. This one is sufficient, and goes to the very basis of the verdict and judgment.

The judgment will be reversed; the verdict of the jury set aside, and a new trial awarded.

*Reversed; new trial awarded.*