## Mary R. Lasher v. Silas Stafford and another.

*Fraud: Evidence.* In this case, which is a bill in equity in aid of execution, it is held that the evidence supports the case made by the bill; that a conveyance of the lot in question by defendant to his wife, was fraudulent and void as against the rights of the complainant.

*Submitted on briefs July 24. Decided October 20.*

Appeal in Chancery from Allegan Circuit.

*J. V. Rogers*, for complainant.

*Silas Stafford*, in person, for defendants.

PER CURIAM.

The defendants, being husband and wife, and residing together, certain labor was procured to be done on the house where they dwelt.

The title to the house stood in the name of the wife, but the husband gave his note for the labor.

The complainant became the holder of the note, and after some years a new one was given in place of it. The last one was dated September 2, 1872, and was made payable on or before the first day of May following. It called for one hundred and sixty dollars and interest. The defendant failing to pay the note when it fell due, the complainant brought suit upon it before a justice, and on the 31st of May, 1873, recovered judgment against the defendant Silas, for one hundred and sixty-nine dollars and sixty-eight cents damages, and two dollars and ninety cents costs. On the 2d day of June, being the day but one after the judgment, and within the five days given for putting in security to temporarily preclude execution, and before the arrival of the time when a transcript could be regularly taken to be docketed in the circuit court, the defendant Silas, the debtor in the judgment, caused to be put on record, in the

30 MICH.—47.

LASHER v. STAFFORD.

office of the register of deeds of the county, a conveyance
from himself to his wife Lavantia, of a village lot in Plain-
well, described in the case as lot number sixty-five. This
deed and acknowledgment bore date the 16th of Decem-
ber, 1871, or about a year and a half prior to the recording.

On the 11th day of June, the complainant caused to be
made a transcript of the judgment, in order to have it
docketed in the circuit court, and on the succeeding day
this was done. On the same day an execution was issued
out of the circuit court, and levied upon the lot before
mentioned. And four days thereafter the complainant filed
this bill in aid of the execution, and alleged, among other
things, that the setting up of the deed and putting it on
record as a conveyance was a fraudulent contrivance to
defeat the complainant in the collection of her debt, and
was invalid as against her right and remedy.

The defendants answered, denying all fraud, and claim-
ing that the deed was delivered as a conveyance in good
faith, in April or May, 1872, some three or four months
*after its date and acknowledgment, and 'about a year before
the judgment.*

In explanation of the transaction, they insisted that the
wife owned the homestead and mortgaged it in 1870, to raise
two thousand dollars, as a loan to the husband, who required
the money to pay up for a plantation, and that the lot in
controversy was turned over to the wife on account of that
loan.

Proofs were taken in open court, and on final hearing
the bill was dismissed, and complainant appealed.

As against the defendants, the case shows adequately
that the husband had no other property than this lot sub-
ject to execution within the state, and on being questioned
by complainant's counsel on the point, he replied that it
was none of his business. The sole question in the case
is one of fact, and we think it not expedient to enter upon
a criticism of the evidence, or to use time in an elaborate
exposition of our views upon the different phases and fea-

tures of the case. The impression made upon our minds by the whole evidence, after full reflection, is, that the setting up and recording of the old deed of 1871, as a conveyance from the husband to the wife, was suggested by the pressure of complainant's claim; and was in fact a colorable transaction merely, and founded in a purpose to defeat collection of complainant's judgment. As a consequence of this conclusion, the decree below must be reversed, and one entered in this court declaring the deed in question fraudulent and void as against the right of the complainant.

And complainant will recover her costs of this court and of the court below.

The other Justices concurred.