[Criminal No. 196.    Filed March 30, 1905.]

[80 Pac. 320.]

## BISSELL THOMAS, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—EMBEZZLEMENT — INDICTMENT — REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 462, CONSTRUED.—Under section 462, *supra,* reading, ''Every clerk, agent, or servant of any person, who fraudulently appropriates to his own use any property of another which has come into his control or care by virtue of such employment as such clerk, agent, or servant, is guilty of embezzlement,'' an indictment charging that defendant on July 13, 1904, as agent of McD., received a certain sum, and afterwards, on October 5th, appropriated a portion thereof to his own use, does not state facts sufficient to constitute the offense of embezzlement, in that it fails to allege the relation of agent on the part of defendant at the time the appropriation is charged to have been made.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge.    Reversed.

The facts are stated in the opinion.

Bennett & Bennett, for Appellant.

A. C. Baker, District Attorney, and Street & Alexander, for Respondent.

DOAN, J.—The appellant was indicted, in conjunction with one J. B. Woodward, for embezzlement, alleged in the indictment to have been committed as follows, to wit: ''The said J. B. Woodward and Bissell Thomas on or about the thirteenth day of July, A. D. 1904, and before the finding of this indictment, at the county of Maricopa, territory of Arizona, being then and there the agents of one H. W. McDonald, did by virtue of their employment receive and take into their possession and control a large sum of money, to wit, one thousand and fifty-two dollars and fifty cents, in money of the personal property of the said H. W. McDonald, their said principal, and afterwards, to wit, on the fifth day of October, 1904, at said county of Maricopa, territory of Arizona, did willfully,

unlawfully, feloniously, and fraudulently convert and appropriate to their own use and benefit, and contrary to, and not in the due and lawful execution of, their said trust, the sum of eight hundred and sixty-seven dollars and forty cents in money, of the value of eight hundred and sixty-seven dollars and forty cents· in money, of the personal property of the said H. W. McDonald out of and from the said one thousand and fifty-two dollars and fifty cents so received and taken into their possession and control by virtue of their said employment as aforesaid; and the said J. B. Woodward and the said Bissell Thomas then and there failed and refused to return and deliver to the said H. W. McDonald, their said principal, the said sum of eight hundred and sixty-seven dollars and forty cents on demand then and there made therefor by the said H. W. McDonald, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the territory of Arizona.'' Upon arraignment, the defendants severed, and the appellant herein demurred to ·the indictment. The demurrer was overruled by the court, a plea of· not guilty was entered, and the case was tried to a jury, and upon a verdict of guilty a motion for a new trial was denied, and the defendant sentenced to imprisonment in the territorial prison. The ruling of the court upon the demurrer was excepted to, and an appeal was taken from the judgment of the court and the denial of the motion for a new trial.

The first assignment of error urges that the court erred in overruling the demurrer of the defendant Bissell Thomas to ·the indictment, upon the grounds,—1. That said indictment does not substantially conform to the requirements of sections 824, 825, and 826 of the Penal Code of the territory of Arizona; and 2. That the facts stated in said indictment do not constitute a public offense. Section 826 of the Penal Code requires that the indictment must be direct and certain as it regards the offense charged, and the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. The language employed in the indictment shows that the indictment was drawn under section 462 of the Penal Code, and attempts to charge the defendant with embezzlement as agent of H. W. McDonald.

The language of the statute is: "Every clerk, agent or servant of any person, who fraudulently appropriates to his own use any property of another which has come into his control or care by virtue of such employment as such clerk, agent or servant, is guilty of embezzlement." The essential elements in the crime of embezzlement, under this statute, are three: 1. The act of fraudulent appropriation of the money or property; 2. The relation of clerk, agent, or servant on the part of the fraudulent appropriator at the time of such appropriation to the owner of the property thus appropriated; and 3. The acquirement by the appropriator of the care or control of the money or property appropriated by virtue of his employment as such clerk, agent, or servant. As these three elements are necessary to constitute the offense of embezzlement under this statute, they must be charged in direct and certain language in the indictment therefor. "An indictment upon a statute must state all such facts and circumstances as constitute the statute offense, so as to bring the party indicted within the provisions of the statute. 1 Chitty on Criminal Law, 281, 283; Archbold on Criminal Pleading, 50. If the statute is confined to certain classes of persons, or to acts done at some particular time or place, the indictment must show that the party indicted, and the time and place where the alleged criminal acts were perpetrated, were such as to bring the supposed offense directly within the statute." *People* v. *Allen,* 5 Denio, 76. The indictment in question directly charges the act of fraudulent appropriation of the money, and the fact that such money was received by the defendant by virtue of his employment as agent, but fails to charge the fact that the defendant was the agent of H. W. McDonald on the fifth day of October, at which time he is charged with the fraudulent conversion and appropriation of the money; the only allegation of agency in the indictment being that the defendant was the agent of McDonald on or about the thirteenth day of July, 1904, at the time he received the money into his possession and control.

We pass over the criticism by the appellant on the manner in which this agency was alleged, as that is not important in this case, because the allegation, as made, applied only to the thirteenth day of July, at which date the receipt of the money is charged; and, if it be conceded that the allegation

as laid is sufficient, such concession does not extend its application to the latter date,—to wit, the fifth day of October,—at which time the fraudulent conversion and appropriation is charged. The indictment, in order to charge the offense under the provisions of section 462 of our Penal Code, must allege the existence of the agency at the time of the fraudulent appropriation and conversion.   *State* v. *Johnston,* 21 Tex. 775; *Gaddy* v. *State,* 8 Tex. App. 127.

The indictment herein being considered, while it would be good against demurrer under a statute reading, ''Every person who fraudulently appropriates to his own use any property of another which has come into his control or care by virtue of his employment as clerk, agent, or servant of such other person, is guilty of embezzlement,'' does not state facts sufficient to constitute the offense of embezzlement under section 462 of our Penal Code, as above cited, for the reason that it fails to allege the relation of clerk, agent, or servant on the part of the defendant at the time the appropriation is charged to have been made, and therefore fails to charge that the fraudulent appropriation was made by a clerk, agent, or servant. This failure is fatal upon the demurrer urged in the trial court as shown in the record, and the court erred in overruling the demurrer to the indictment on the grounds therein given. This determination renders unnecessary the consideration of the other points that have been presented by the appellant.

The judgment of the lower court is reversed and the case remanded.

SLOAN, J., and DAVIS, J., concur.