(No. 21969.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT POWELL, Plaintiff in Error.

*Opinion filed October 21, 1933.*

ADSIT, THOMPSON & HERR, for plaintiff in error.

OTTO KERNER, Attorney General, ROBERT W. NIVEN, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The plaintiff in error (hereinafter called the defendant) was convicted in the circuit court of Livingston county for failure to pay over the sum of $20,080.28 placed in his keeping as trustee under a decree of the circuit court in the cause entitled, "Ida May Goembel *et al. vs.* Aldine Younger *et al.* chancery No. 5175," to J. H. McFadden, trustee in the same cause by appointment of the circuit court. The jury returned a verdict finding the defendant guilty. Motion for new trial was interposed, which was overruled. A motion in arrest of judgment was then made by the defendant, which motion in arrest was overruled. Judgment was entered on the verdict and the defendant sentenced to the penitentiary.

The prosecution is based upon section 81½ of the Criminal Code, relating to embezzlement. That section is as follows: "Whoever, being the administrator of the estate of a decedent, or the executor of a last will, or guardian of any minor, conservator of any idiot, distracted person, drunkard, spendthrift or insane person, or trustee or other person acting in any fiduciary capacity, without good cause, fails or refuses, when legally required by the proper person or authority, to account for or pay over to such person or persons as may be lawfully entitled to receive the same, any money, choses in action, or other property which may have come into his hands, by virtue of his office, duty or trust, shall be deemed guilty of larceny."

The original indictment consisted of five counts. A *nolle prosequi* was entered as to the fifth count of the indictment by the State's attorney during the course of the

trial and after the jury had been sworn to try the issues in the case.

The evidence in the case showed that the plaintiff in error was a banker operating a bank at Fairbury, Illinois; that William Younger, a resident of Livingston county, died in 1916, leaving a last will and testament, which was duly admitted to probate; that he left a widow, since deceased, a daughter, named Ida May Goembel, and a grandchild, Aldine Younger, who was the only child of a deceased son of Younger; that Mrs. Goembel had six children, who were minors at the time of her father's death; that by his will Younger devised a life estate to his widow in certain property, directed that the balance of his estate be appraised and the total be divided by the number of his grandchildren then living; that the share of Aldine Younger be set aside in trust for her during her lifetime, with the income to be paid to her annually and at her death to go to her issue, if any survive her, and if no issue survived her, then such share be placed in trust to go to the next of kin of the testator. He appointed John W. McDowell as trustee for Aldine Younger. A bill for relief was filed to the October term, 1919, of the circuit court of Livingston county by Mrs. Goembel. It appearing that McDowell, trustee named in the will, had died, the circuit court at the May term, 1921, thereof, by a decree duly entered of record in said chancery proceeding, appointed the defendant as trustee under the will for Aldine Younger.

The testimony established that there came to the hands of the trustee, assets of the value of $20,285.71; that on the second day of October, 1928, he made his report to the circuit court of Livingston county showing on hand first mortgage notes in the principal sum of $20,000, and he on that date exhibited to the court the notes in his hands as disclosed by his report, which report was examined by the court and ordered approved. On June 23, 1930, the defendant was ordered to file a report as trustee within

ten days, but the report was not filed until the 20th day of November, 1930. This report showed that he had collected $1100 interest in 1929 and 1930 which had been paid to the guardian of Aldine Younger, and that his balance remaining was $20,080.28. He also filed in said court on August 30, 1930, his affidavit showing that all of his books of account, files and vouchers relating to the estate were in the custody of the State Auditor, impounded with other papers of the Fairbury bank, then in charge of the Auditor, and that all of such papers had been out of his control and were in the possession of the Auditor since June 23, 1930, and that it was impossible for the defendant to make a complete report by reason of such situation. He asked for further time in which to make a report until he could get access to his files. On the 13th of May, 1932, the circuit court ordered the defendant to file a new bond of $40,000. This order was entered on the petition of Aldine Younger. The defendant was also ordered to file a report by May 23. The report was filed but the new bond was not. This last report showed the receipt of $1100 interest which had been paid to Aldine Younger and a balance on hand of $20,080.28. An order was entered on the defendant on June 9, 1932, to show cause why he had not complied with the order of the court of May 13, 1932. No hearing was had on the last proceeding. On the 8th of August, 1932, without any notice to the defendant, the circuit court entered an order removing him as trustee and appointing J. H. McFadden as trustee, fixing the bond of McFadden at $1000. On August 19, 1932, McFadden filed his bond, which was approved. The evidence further showed that on September 29, 1932, Edward Kammerman, a deputy sheriff of Livingston county, read and delivered to the defendant the following writing:

"*To Herbert Powell*—You are hereby notified that I have been appointed trustee by the circuit court of Livingston county, Illinois, in the case of Ida May Goembel *et al. vs.* Aldine Younger *et al.* No. 5175, a certified copy of my order of appointment being

hereto attached and made a part hereof. You are further hereby notified that in pursuance of said order and the statute in such case made and provided I hereby request the immediate delivery to me, as such trustee, of any money, choses in action or other property which may have come into your hands by virtue of your office as former trustee in said cause, and especially demand of you the sum of $20,080.28, being the amount shown to be in your hands in your last report as such trustee.     J. H. McFADDEN, *Trustee.*"

The order of the court entered on August 19, 1932, amongst other things provided as follows: "It is further ordered, adjudged and decreed by the court that Herbert Powell be and he is hereby directed to deliver to the said J. H. McFadden, as such trustee, immediately upon demand, all of the moneys, securities, choses in action or other property which may have come into his hands by virtue of his office as trustee."

The record shows no demand was ever made upon the defendant to turn over the property which had come to his hands as such trustee during the time he was acting as such, other than through this written notice, although he and McFadden had met in November of 1932 and talked about various matters. The indictment in the case was returned on October 6, 1932, just a week after the serving of the written notice upon the defendant. No motion to quash the indictment was made in the trial court.

The defendant urges several grounds for the reversal of the judgment of the trial court. One of the grounds insisted upon is that the indictment does not charge an offense within the purview of section 81½ of the Criminal Code, *supra;* also that the indictment is in other respects bad.

On behalf of the People it is urged that because the defendant did not make a motion to quash, he waived any defense that he might have as against the validity of the indictment. It is true that as to matters of form, where the defendant pleads to an indictment without having made a motion to quash the indictment, he waives his right to challenge the sufficiency of the indictment as to matters

of form as well as all other matters which do not affect the real merits of the offense sought to be charged by the indictment. However, where the indictment does not charge a crime in the form prescribed by the common law or the statute, a plea of not guilty to the indictment without a motion to quash having been interposed does not waive the right to challenge the sufficiency of the indictment by motion in arrest of judgment. (*People* v. *Huff,* 339 Ill. 328; *People* v. *Martin,* 314 id. 110; *People* v. *Wallace,* 316 id. 120.) Even though a judgment may have been entered on a plea of guilty to the indictment the defendant may even thereafter question the sufficiency of the indictment by a motion in arrest. (*Klawanski* v. *People,* 218 Ill. 481.) There is good reason for this rule. When a defendant enters a plea of guilty to the indictment he admits only those facts that are charged in apt terms by the indictment. If the indictment does not charge an offense either at common law or under the statute, then the defendant has not pleaded guilty to the violation of any criminal law, and he is therefore not estopped at a later date from attacking the indictment as to matters of substance. The highest degree of certainty in pleading is required in indictments. The court, in construing an indictment, is not at liberty to depart from the words of the indictment itself and speculate as to the possible intention of the writer of the indictment nor to supply matters of substance which have been omitted. *People* v. *Hallberg,* 259 Ill. 502.

It is to be noted that the commencement of section 81½, *supra,* is as follows: "Whoever, *being* the administrator of the estate of a decedent * * * or trustee," etc. The word "being," as used in criminal pleading, refers to the time of the return of the indictment rather than the time of the commission of the alleged offense. (Moore's Illinois Crim. Law and Proc. sec. 1167; Bishop's New Crim. Proc. (2d ed.) sec. 410.) The word "being" imports the present time. It does not indicate a past period but obviously re-

fers to the present. That word, as used in the statute, *supra,* cannot be ignored, nor can it be disregarded in construing the statute or any indictment returned under it. Construing the statute in the most favorable light for the People, the statute clearly provides that the individual charged must have occupied one of the fiduciary positions mentioned in the legislative act at the time of the commission of the offense. It therefore becomes material in reviewing the indictment in question to determine whether or not it does by apt and proper terms charge that the defendant was at the time of the commission of the alleged offense a trustee. This is particularly true inasmuch as the offense of embezzlement was unknown at common law and is purely a creature of the statute. The offense sought to be charged here did not exist in Illinois prior to the enactment of section 81½, *supra,* in 1903. The offense against which the statute is leveled is the failure of the person occupying one of the fiduciary positions named in the statute (in this particular case a trustee) without good cause, when legally required, to account for and turn over property that has come to him by virtue of his position. In other words, the individual must, at the time the alleged embezzlement occurred, have occupied one of the fiduciary positions named in the section in question. If he does not occupy this fiduciary position then section 81½ is not applicable and the indictment should be drawn under one of the other sections of the statute pertaining to embezzlement. The indictment in question does not purport to be drawn under any section of the Embezzlement act other than section 81½. That fact is conceded by the State. This court said in *People* v. *Martin, supra:* "Where the statute creates an offense, an indictment should contain proper and sufficient averments to show a violation of the law. (*Cannady* v. *People,* 17 Ill. 158.) An indictment or information charging an offense defined by statute should be as fully descriptive of the offense as is the language of the

statute and should allege every substantial element of the offense as defined by the statute.—14 R. C. L. 185."

Each count of the indictment in this case alleges that the defendant had been removed as such trustee under an order of the circuit court of Livingston county on the 8th day of August, 1932; that J. H. McFadden was appointed as such trustee and qualified as such on the 19th day of August, 1932; that the defendant, on the 29th day of September, 1932, failed and refused, without good cause, to deliver and pay over to McFadden, trustee, the property in question, of the value of $20,080.28. It therefore appears both from the charges made by the indictment as well as the dates alleged in the chronological order of the different matters and things done, leading up to the alleged conversion of the property said to be embezzled, that the defendant was not at the time of the alleged embezzlement trustee, and he is not charged as such trustee with embezzlement.

While it is the ordinary rule that the date alleged in an indictment is not controlling and that the offense may be proved at any time within the period of the Statute of Limitations prior to the return of the indictment, yet there are exceptions to that rule. The date does become important, at times, in the construction of an indictment for the purpose of determining whether or not the indictment charges an offense. In that situation, for the purpose of deciding whether or not the indictment is good as a legal pleading, the date stated in the indictment must be taken as true. *Dreyer* v. *People,* 176 Ill. 590; *People* v. *Weinstein,* 255 id. 530.

The indictment was fatally defective in not charging the fiduciary capacity of the defendant existing at the time of the alleged criminal conversion. *Thomas* v. *Territory,* 9 Ariz. 180, 80 Pac. 320.

Another ground urged against the indictment is that no venue is laid in the indictment as to the commission

of the alleged offense. Venue is a controlling element in the statement of the commission of a criminal offense. The venue charged determines upon the face of the indictment as to whether or not the grand jury had jurisdiction to return the indictment as well as whether or not the court into which the indictment is returned has jurisdiction to try the defendant under the charges made by the indictment. Venue is not a matter of form—it is a matter of substance. It is jurisdictional. It is absolutely ·essential that the venue of the alleged offense be stated in clear, apt and concise terms by the indictment. (*People* v. *Higgins*, 15 Ill. 110; *Wiedemann* v. *People*, 92 id. 314; *People* v. *Gregory*, 30 Mich. 370; Bishop's New Crim. Proc. (2d ed.) sec. 360.) We have frequently held that where the venue is not proven as charged in the indictment the judgment of conviction is erroneous and must be reversed for failure of proof of venue. (*Sattler* v. *People*, 59 Ill. 68; *Jackson* v. *People*, 40 id. 405; *Dougherty* v. *People*, 118 id. 160; *Moore* v. *People*, 150 id. 405.) If a judgment for conviction cannot be sustained because of the failure to prove the venue as charged in the indictment, it is self-evident that venue is not a matter of form but must be stated in the indictment. By reason of the failure of the indictment to charge that the defendant at the time of the alleged conversion and embezzlement was a trustee, and for the further reason that the indictment in no count stated any venue, the indictment did not charge the defendant with the commission of a crime, and the motion in arrest should have been allowed.

Regardless of what the court may think of the guilt of the defendant, yet he was entitled to a trial in accordance with the law of the land. The constitution guarantees ·him that right. The law does not provide one rule for trying innocent persons and another method for trying guilty persons. Under the law each is entitled to the same fair trial in accordance with those rules laid down by the law and

formulated for the protection of the innocent. (*People* v. *Garines,* 314 Ill. 413; *People* v. *Newman,* 261 id. 11.) It is the duty of the court to see that those principles of law which have endured for years are upheld and not overthrown simply because the court may think in a particular case that the defendant is guilty. To do so would be a radical departure from well-rooted and firmly-fixed rules of law for the trial of criminal cases. There would be no settled law. Every defendant's case would be subject, in the case of review, to the impression made upon the reviewing court by the evidence in a given cause. Human nature is too variable to permit such rules of procedure. While it is highly important that guilty persons should be punished, yet it is more highly important that every defendant charged with a criminal offense shall have a trial in accordance with the salutary rules of law adopted to prevent the conviction of innocent persons. Although the court might think, as a reviewing court, that a defendant has committed a criminal offense, yet, regardless of whether the court may believe that a defendant is guilty of some criminal offense, that fact does not justify the disregard of the rights of the defendant.

It is contended by the defendant that his removal as trustee was improper, inasmuch as no notice was given him of the petition filed for his removal. The record showed that he had no notice of the filing of the petition for removal or of the date set for the hearing, and that he was not present at the hearing at which the order was entered purporting to remove him as trustee and appointing McFadden as his successor. We believe there is merit in this point. While the trustee had no absolute right to the tenure of this position which he held under the order of the circuit court of Livingston county, yet before he could be removed he was entitled to notice of the filing of the petition for his removal and the setting of said cause for hearing. (*Butler* v. *Butler,* 164 Ill. 171; *Ex parte Kilgore,*

22 N. E. (Ind.) 104; *Hitch* v. *Stonebraker's Estate,* 28 S. W. (Mo.) 443.) The circuit court had no right to arbitrarily remove the defendant as such trustee. He was the defendant in the proceeding for his removal. As such he was entitled to notice of the proceeding. The court could only remove him after a hearing of the cause in the proceeding instituted for the purpose of the trustee's removal and of which proceeding the defendant had notice and an opportunity to be heard.

A further assault made by the defendant upon the judgment of conviction against him is that there was no competent proof of any legal demand having been made upon him, prior to the return of the indictment, to deliver to McFadden, as succeeding trustee, the property alleged to have been converted by the defendant. As heretofore stated in this opinion, the order of the court authorizing McFadden to receive the property required him to make a demand upon the defendant for the property the subject matter of the trust. This being a prerequisite of the order, McFadden could not have maintained a suit at law for the recovery of the property without first having made a legal demand in compliance with the order of the court. An action in debt against the defendant and his bondsmen upon his bond as such trustee could not have been maintained without proof of a legal demand having been made by McFadden in compliance with the order of the circuit court. The demand made has heretofore been set forth *hæc verba* in this opinion. While the proof showed that McFadden signed this notice, yet there is an entire absence of proof as to how the notice came to the possession of the witness Kammerman. He testified that he had no talk with McFadden with reference to this notice prior to the date the witness served it and that McFadden gave no directions to him about the service, and the evidence does not reveal from whom or when Kammerman received this notice. McFadden did not accompany Kammerman when

he served the notice upon the defendant. Objection was made to the admission of this notice in evidence at the time it was offered in evidence. Objection was overruled and the notice was read to the jury. It is to be observed that this notice did not authorize Kammerman or anyone else to receive the property demanded. McFadden never presented himself in person to the defendant to receive the property. This demand and failure to deliver the property are the basis of the alleged embezzlement and conversion. Under his appointment it was the duty of the defendant, as such trustee, to have, hold and preserve the property and to deliver it over when required by the proper person or authority entitled to receive the same. It is in evidence that the defendant was a resident of Fairbury and had a home there. Under the order of the court—McFadden was required to make a demand before he was entitled to receive the property. Any valid demand, therefore, that might be made by McFadden must have been made in such manner that the defendant could perform his duty by delivering the property to McFadden, or someone duly authorized by him to receive the property, and the defendant thereby relieved from any further liability. It was not the duty of the defendant to find McFadden and deliver the property to him. (*Dreyer* v. *People, supra.*) Manifestly, therefore, under the evidence there was no sufficient demand made by McFadden upon the defendant prior to the return of the indictment in the case.

Other objections are made and argued against the judgment of the trial court, but we feel that it is not necessary to further prolong this opinion by the discussion of these objections. Under the evidence, even if the indictment had been valid, the People failed to prove the defendant's guilt in manner and form as required by the law.

For the reasons herein stated the judgment of the circuit court is reversed.

*Judgment reversed.*