(Nos. 27342, 27343.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN M. FRIEDRICH, Plaintiff in Error.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 13, 1944.*

WILLIAM GOLDSTEIN, and ISADORE GOLDSTEIN, (RICH-ARD E. WESTBROOKS, of counsel,) all of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Cause No. 27342 is the record of a trial held in the municipal court of Chicago where plaintiff in error was tried on an information which charged him with the violation of section 223 of division I of the Criminal Code, (Ill. Rev. Stat. 1941, chap. 38, par. 468,) that is, of exhibiting and offering for sale obscene and indecent pictures. Cause No. 27343 is a record from the same court, in which defendant was tried on an information charging the violation of paragraphs 103 and 104 of chapter 38, the specific charge being that the defendant contributed to the delinquency of a male child under the age of sixteen years by selling him obscene, immoral and indecent books. Defendant did not challenge the information in either case by a motion to quash nor did he ask for a bill of particulars. Both cases were tried before the court without a jury. His motions in arrest of judgment were overruled and in the former case he was sentenced to six months in the county jail and in the latter for a period of one year. Both cases come to this court on the grounds that constitutional questions are involved. The evidence does not appear in the records. The questions open for

consideration are limited to those raised by the motions in arrest of judgment.

The pertinent part of the statute upon which the amended information in No. 27342 was drawn provides: "Whoever * * * shall sell or offer to sell * * * any obscene and indecent book, pamphlet, paper, drawing, * * * stereoscopic picture, model, cast, * * * shall be confined in the county jail not more than six months, or be fined not less than $100 nor more than $1,000 for each offense * * *." The information as amended charged that the defendant "on the 30th day of December, 1942 * * * did * * * unlawfully, knowingly, exhibit, offer for sale, circulate, distribute indecent and lewd pictures of an immoral and scandalous nature, too gross to be spread of record in this amended information."

It is contended that said section violates sections 2, 9 and 10 of article II, and article III of the State constitution and the due-process clause of the Federal constitution.

The general purpose of the statute is to prohibit the distribution by sale or otherwise of obscene and indecent books, writings, pamphlets, pictures and of articles of a similar nature. The statute directs that the doing of certain acts leading to, or in preparation for, the distribution of such articles constitutes a criminal offense. It is a well-settled principle of law that one can not challenge the validity of a statute except as to the matters of which he is aggrieved and therefore, defendant's attack in the present case is restricted to the provisions of the statute upon which the information is based. It is charged that defendant offered for sale indecent and lewd pictures. The difference between the language used in the information and the words of the statute is immaterial and the charge will be considered as having been alleged in the language of the statute.

Defendant contends the act is vague, indefinite and does not define a crime and that it therefore violates said

constitutional provisions. The specific argument is made that the act does not define the elements that a picture must possess to render it obscene and indecent, and that such defect leaves it open for the court and jury to supply their own standards. Numerous cases have been decided by this court where similar attacks have been made upon statutes defining a crime and the rules announced in those cases are controlling here. One of the most recent is *People* v. *Green,* 368 Ill. 242. In that case it was claimed that a section of the Uniform Traffic Act was so vague and indefinite as to what constituted the crime that it could not be determined when there was a violation. After reviewing the earlier cases it was said: "We think the true rule is that if the legislature uses words having a common-law meaning or a meaning made definite by statutory definition or previous judicial construction, it may strike directly at the evil intended to be curbed, leaving it to the pleader to state facts bringing the case within the statutory definition and to the judicial department of government to interpret the application of the act to the facts stated."

The words "obscene" and "indecent" are words of common usage and are ordinarily used in the sense of meaning something offensive to the chastity of mind, delicacy and purity of thought, something suggestive of lustfulness, lasciviousness and sensuality. It is a well-established rule that in the application of a statute, the words are to be given their generally-accepted meaning, unless there is something in the act which indicates that the legislature used them in a different sense and there is nothing in this act that indicates such intent. Defendant does not contend such words have a dual meaning but argues that one person might see vulgarity and indecency in a picture while another would give it cultural value and consider it a work of art. Such contention does not demonstrate uncertainty or vagueness in the meaning of the

words used in the act but rather denotes a difference in the process of valuing the qualities of the picture. Most criminal acts are subject to such condition and each individual must determine for himself and at the risk of punishment, if his conclusion is erroneous, whether his acts constitute a violation of the statute. To the one who is about to engage in the sale of such pictures, the statute is clear as to what is prohibited. His only problem is as to whether the pictures are obscene and indecent. He may honestly conclude they are not and the court or jury determine that they were, but this does not render the statute void for vagueness or indefiniteness.

In *Nash* v. *United States,* 229 U. S. 373, an attack similar to the one made here was directed against an act of Congress commonly known as the Sherman Act. Justice Holmes, speaking for the court, said: "And thereupon it is said that the crime thus defined by the statute contains in its definition an element of degree as to which estimates may differ, with the result that a man might find himself in prison because his honest judgment did not anticipate that of a jury of less competent men. * * * The law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. * * * We are of opinion that there is no constitutional difficulty in the way of enforcing the criminal part of the act."

Defendant's claims that the act violates various sections of the constitution are covered by the foregoing consideration and this opinion need not be further extended by a discussion as to each. The statute is specific as to the offense charged against defendant.

Defendant's further contention is that the amended information does not charge the commission of a criminal offense. As previously noted the offense is charged in the language of the statute. In *Fuller* v. *People,* 92 Ill. 182, the second and fourth counts of an indictment charged in

one count that the defendant had in his possession a certain obscene and indecent drawing and in the other that it was an obscene and indecent picture. It was held that such counts charged the commission of an offense in the language of the statute and in this character of case that was all that the law required. Also see *Strohm* v. *People,* 160 Ill. 582.

Defendant relies upon *People* v. *Green,* 368 Ill. 242, but that case is distinguishable from this in that there the statute upon which the indictment was drawn did not specify the elements of the offense and the holding was that the indictment should contain allegations of facts sufficient to bring it within the statute. In this case the elements of the offense are the offering for sale of obscene and indecent pictures and this was the allegation of the amended information and is sufficient to advise the defendant of the charge preferred against him.

The allegations of the amended information followed the rule announced in *McNair* v. *People,* 89 Ill. 441, which was that an indictment charging an offense under this same statute should set up the supposed obscene matter unless it was in the hands of the defendant, or out of the power of the prosecution, or too gross and obscene to spread on the records of the court—either of which facts, if existing, should be averred as an excuse for not setting it forth in the indictment. The allegations of the amended information charged an offense.

Defendant further contends the amended information is defective in that an impossible date upon which the crime was alleged to have been committed was pleaded. A photostatic copy of the information is in the abstract. It appears that certain interlineations were made in reference to the date but it sufficiently shows a corrected date. It is also charged that the record does not show the amended information was sworn to after the amendment. The record discloses that leave was given on January 4,

1943, to file an information *instanter*. The cause was first set for trial January 19 and then continued to February 2. On the latter date defendant was arraigned. Thereafter leave was given to amend the information and defendant was rearraigned. The copy of the information in the abstract shows that it was sworn to on February 2, 1943. This date corresponds with the one on which leave to amend was granted and is sufficient to show that leave to amend it was granted, that the amendment was made and that it was sworn to by the prosecuting witness.

Other questions are raised attacking the amended information but they pertain to matters of form and are not preserved for review when raised by a motion in arrest of judgment. (*People* v. *Powell*, 353 Ill. 582.) Such matters can be reviewed only when raised by motion to quash or some other appropriate motion made before verdict. There is no reversible error in the proceedings leading to the conviction of the defendant in No. 27342.

The amended information in No. 27343 is based upon sections 1 and 2 of an act entitled "An act to define and punish the crime of contributing to the delinquency of children." (Ill. Rev. Stat. 1941, chap. 38, pars. 103-104.) Section 1 defines what is meant by a delinquent child and the material parts of section 2 are that "any person who shall knowingly or willfully cause, aid or encourage any male under the age of seventeen (17) years * * * to be or to become a delinquent child as defined in section one (1), or who shall knowingly or willfully do acts which directly tend to render any such child so delinquent * * * shall be deemed guilty of the crime of contributing to the delinquency of children and on conviction thereof shall be punished," etc.

The information as amended charged that defendant, on December 30, 1942, "unlawfully, intentionally and maliciously, * * * did, then and there, knowingly and willfully contribute to the delinquency of one Christ Christo-

poulos, a male child of the age of sixteen (16) years, and did then and there unlawfully and willfully sell obscene, immoral and indecent book too gross to spread of record in this information to Christ Christopoulos which directly promoted and contributed to conditions to render said Christ Christopoulos to be or become a delinquent child," etc.

Defendant subjects the statute upon which the amended information was drawn in this case to the same attack that he urged against the statute involved in No. 27342. The same constitutional provisions are claimed to be violated, the same authorities are cited and much of the argument advanced in support of his contentions in the other case is restated in his brief in this case. It will not be necessary to reconsider the same questions only to demonstrate that the language of the instant act states a public offense and is not void for vagueness and indefiniteness. The offense charged against defendant is based upon that part of section 2 which makes it an offense "to knowingly or willfully do acts which directly tend to render any such child so delinquent." Defendant claims that this provision is indefinite and uncertain in that it leaves it to the court or jury to adopt its own standard as to what constitutes a delinquent child. The language will not support such an interpretation as to its meaning. The words "so delinquent" refer to the delinquency as defined in section 1 and the certainty of what is meant by delinquent child as defined in section 1 leaves no uncertainty as to the meaning of that part of section 2 upon which the prosecution is based.

Defendant contends that the amended information did not state facts showing a violation of the statute. The substance of the charge was that defendant did certain acts, that is, sell obscene and indecent books to a child therein named and that such act of defendant tended to make the child delinquent. It is substantially the language

of the statute and contains the essential elements of the offense. It is pointed out that the information did not allege the particular part of the definition of delinquency in section 1 which the acts of the defendant would tend to contribute to bring about, but this was a matter which should have been raised before trial by appropriate motion such as a bill of particulars, but since it was not raised by such a· motion, it is not a proper matter for review where preserved by a motion in arrest of judgment.

Defendant relies upon *People* v. *Chiafreddo,* 381 Ill. 214, as sustaining his position. The defendants in that case were prosecuted under the act which makes it an offense to contribute to the dependency of a child. The language of the statute involved in that case and the language of the act involved in this case is similar, but the cases are distinguishable upon the facts. In the *Chiafreddo case,* the allegations of the information show that the defendants had encouraged and directed their ˙child to disregard directions of the school authorities in reference to participation in certain flag exercises at school. It was held that there was nothing in the acts of the defendants as set forth in the information from which it could be seen that such acts tended to create a state of dependency in the child. In the instant case the allegation is that the defendant sold an obscene and indecent book. No one could seriously question but what the selling of an obscene and indecent book to a child would tend to corrupt the child's mind and contribute in some measure to indecent and lascivious conduct on his part. Such conduct constitutes delinquency within the meaning of section 1.

The criticism as to the time alleged when the offense was committed and the reswearing of the complaining witness to the information as it was amended are presented in this case upon substantially the same facts as the same questions were presented in No. 27342. What was said

in that case is controlling here. Other matters argued are as to the form of the information and do not go to the merits. Such matters are not open for review where they are preserved only by a motion in arrest of judgment.

The judgments in both cases were entered the same day. The judgment in No. 27342 adjudged that the defendant "be and he is hereby sentenced to confinement in the county jail * * * for the term of six months from and after the delivery of the body of said defendant to the jailer of the said county." The order contained directions as to the delivery of the body of the defendant to the keeper of said jail. The judgment contained the following: "To run consecutively with No. 1887485." The number referred to was the municipal court number of the case in which defendant was charged with contributing to the delinquency of a male child and is number 27343 in this court.

The judgment in No. 27343 adjudged that the defendant "be and he is hereby sentenced to confinement in the County Jail * * * for the term of one year from and after the delivery of the body of said defendant to the jailer of said county." It contained the following: "To run consecutively with Case No. 1887480." This was the municipal court number of the other case. The order concluded as follows: "It is ordered that the term of imprisonment now here imposed in this cause commence at the expiration of said six months in the County Jail, imprisonment in said other Case No. 1887480." The statement in each judgment order that it was "to run consecutively with" another case is meaningless. The judgment does not show the title of the case or by what court it was pronounced. It is inconsistent with other provisions of the judgments. The judgment order in No. 27343 ordered defendant sentenced to jail for a period of one year from and after the delivery of the body of the defendant to the jail and by a later provision it was

to commence at the expiration of some six-months' period imposed in a case which is described only by number. These discrepancies as to the time when the two periods of imprisonment are to commence render it impossible for defendant to determine whether they run concurrently or one begins at the expiration of the time fixed for the other.

The rule is that where a conviction is valid and only the sentence or judgment invalid, the judgment will be reversed and the cause remanded solely for the purpose of having the trial court enter a proper judgment. *People v. Atkinson,* 376 Ill. 623; *People v. Wood,* 318 Ill. 388.

The judgment in each case is reversed and the causes remanded to the municipal court of Chicago with leave to the State's Attorney to move the court for the entry of a proper judgment in each case, and with directions to the court to allow such motions, and resentence defendant in the manner provided by law.

*Reversed and remanded, with directions.*