The People of the State of Illinois, Plaintiff-Appellee, v. Annie L. Williams, a/k/a Annie Webster, Defendant-Appellant.

Gen. No. 66–44.

Second District.

January 13, 1967.

Knight, Ingrassia & Schirger, of Rockford, for appellant.

William R. Nash, State's Attorney of Winnebago County, of Rockford, and Philip G. Reinhard, Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Annie L. Williams, a/k/a Annie Webster, was charged in a four-count information with illegal receipt of public aid benefits. In a bench trial, she was found guilty on all counts and sentenced to a term of one year at Dwight Women's prison.

The defendant contends she was denied due process, arguing that she was convicted under a vague statute; and contends in the alternative that the information was legally insufficient. She also argues that the failure of the trial judge to require an answer to a question in a Bill of Particulars was error.

The statute under which defendant was convicted, being chapter 23, section 818 of the Illinois Revised Statutes (1965), provides in relevant part:

> "Any person who by means of any false statement, willful misrepresentation, failure to notify the County Department of a change in status in

respect to his property or need, or family composition, amount of income, money contributions and other support, from whatever source, for the purpose of preventing the denial, cancellation or suspension of his grant or a variation in the amount thereof, or other fraudulent device obtains or attempts to obtain or aids or abets any person to obtain old age assistance, assistance to the medically indigent aged, blind assistance . . . shall be fined not more than $1,000.00 or imprisoned for not more than 1 year, or both."

The amended information charges the offense of receiving illegal public aid in violation of paragraph 818, chapter 23, Illinois Revised Statutes (1965) in four counts, as follows:

### Count I.

". . . That she was unmarried, for the purpose of preventing the denial, cancellation or suspension of her grant or a variation in the amount thereof. . ."

### Count II.

". . . that she, while receiving aid to dependent children willfully failed to notify the Winnebago County Department of Public Aid of a change in status with respect to her family composition, to-wit: That she was married to Leon Webster, for the purpose of preventing the denial, cancellation, or suspension of her grant or a variation in the amount thereof. . ."

### Count III.

". . . willfully failed to notify the Winnebago County Department of Public Aid of a change in status in respect to her property, to-wit: That she owned a 1958

Buick automobile, for the purpose of preventing the denial, cancellation, or suspension of her grant or a variation in the amount thereof. . ."

## Count IV.

". . . willfully failed to notify the Winnebago County Department of Public Aid of a change in status in respect to her property, to-wit: That she had a savings account in the Illinois National Bank & Trust Co. of Rockford, Illinois, for the purpose of preventing the denial, cancellation, or suspension of her grant or a variation in the amount thereof. . ."

The essential facts are uncontroverted. Defendant openly admitted the basic facts in the information and they were also proved by other witnesses. However, she denied that she *wilfully* attempted to fraudulently obtain public aid.

▉ The court is of the opinion that the statute is not vague; that the information is sufficient; that the particular answer in the Bill of Particulars was properly denied, and that defendant's guilt was established.

The attack on the statute in the Appellant's Brief and Argument is not specifically directed to any phrase in the statute, but from the general tenor of the brief and the argument and the oral argument, it appears to be directed essentially at the included term "willful misrepresentation." The term is not defined in the statute. It is contended that ordinary men, reading this term, are not advised of its meaning and therefore cannot have knowledge of what constitutes the offense.

▉▉ The test to be applied to a penal statute is whether it is sufficiently definite and certain to enable all men to know what acts are proscribed and what conduct will make them liable to punishment. People v. Green, 368 Ill 242, 13 NE2d 278 (1961) ; People v. Robinson, 372 Ill 503, 24 NE2d 376 (1949) ; People v. Jackson, 66 Ill App2d 276, 214 NE2d 316 (1st Dist 1966). Words in a

statute may be defined by common usage, by previous judicial construction, as well as by statutory definition, to render a statute certain. Thus, for example, "Reckless disregard of the safety of others," "obscene" and "indecent," "disorderly," "manager, proprietor and conductor," "cohabit" or "carnal knowledge," and "fraudulently administering" all have been held certain of meaning though not defined in the particular statute. People v. Garman, 411 Ill 279, 103 NE2d 636 (1952) ; People v. Cooper, 366 Ill 113, 7 NE2d 882 (1937) ; People v. Friedrich, 385 Ill 175, 52 NE2d 120 (1943) ; People v. Boyden, 7 Ill App2d 87, 129 NE2d 37 (2d Dist 1955) ; People v. Burke, 400 Ill 240, 79 NE2d 488 (1948) ; People v. Robinson (supra).

Without attempting to exhaust all authorities, the terms "willful" or "willful misrepresentation" have a similar well accepted meaning and have been defined under other statutes in many decisions as synonymous with "intentionally," "designedly," "knowingly" and "without lawful excuse." People v. Player, 309 Ill App 435, 32 NE 2d 932 (3d Dist 1941) ; Gundich v. Emerson-Comstock Co., 21 Ill2d 117, 129, 171 NE2d 60 (1960), 27 CJS, Disturbance of Public Meetings, § 1b; 45 Words and Phrases. Consistent with this, the Criminal Code also has defined the term "wilfully" in section 4–5(b) of chapter 38, Illinois Revised Statutes, as "Conduct performed knowingly or with knowledge is performed wilfully, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning."

The specific detailing of the acts charged as false statements and wilful misrepresentations in the Information in this case would, in any event, make particular the general language in the statute. People v. Green (supra). The contention that the defendant concluded that her acts were not within the statute does not aid her as the court determined that they were. People v.

Friedrich (supra); People v. Player (supra). In the Player case the defendant was charged with wilfully failing to make returns under the Retailers Occupation Tax Act (Ill Rev Stats 1939, c 120, par 452). The single question was whether or not he had *wilfully* failed to file a return. The court in sustaining the conviction held that "his intention was to be gathered from his actions and conduct appearing in evidence and not alone from his stated intention."

 The testimony of the defendant that she knew she was making a false statement as to her marital status, that she gave receipts for rent payments although she paid no rent money, and that she did not disclose her bank account and automobile sufficiently establishes guilt under the statute.

 The Information was largely in the language of the statute. The Bill of Particulars was answered except for the request for the definition of the word "wilful." This amounted to a request for a legal conclusion. The purpose of a Bill of Particulars is to notify a defendant of the particular transactions upon which the State will rely, to limit the evidence. Here the statute and the information sufficiently charged the defendant so that she could have adequately defended. She was given answers by the State as to factual matters requested in her Bill. It was not the office of the Bill of Particulars to furnish answers to questions of law. People v. Whitmer, 369 Ill 317, 16 NE2d 757 (1938); People v. Tsukas, 406 Ill 613, 94 NE2d 895 (1950); People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965); People v. Westrup, 372 Ill 517, 25 NE2d 16 (1940).

The judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.