**STATE of Iowa, Appellee,**

v.

**Helen I. ROBINSON, Appellant.**

**No. 53770.**

Supreme Court of Iowa.

Jan. 19, 1971.

Ralph D. Beal, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

LARSON, Justice.

Helen I. Robinson, defendant herein, was found guilty of accepting money under false pretenses contrary to the provisions of section 239.14 of the 1966 Code, and was sentenced to a term of 90 days in the Scott County jail. She appeals. We affirm.

By county attorney information defendant was accused of defrauding the State by accepting A.D.C. payments while she was not eligible to accept them, and of concealing from the Social Welfare Department a material change of circumstances resulting from her employment, all in violation of the provisions of section 239.14 of the Code.

Section 239.14 provides: "Whoever obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a willfully false statement or representation, or by impersonation, or any fraudulent device, any assistance under this chapter to which the recipient is not entitled, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punishable by fine, not exceeding five hundred dollars or by imprisonment in the county jail for not more than three months, or by both such fine and imprisonment."

Appellant assigns as error (1) the trial court's failure to sustain her motion to set aside the verdict and grant a new trial on the ground that the verdict is contrary to the evidence, and (2) the failure of the trial court to declare section 239.14 unconstitutional for the reason that it is too vague and indefinite.

I. From the record we learn that the defendant had been receiving payments under A.D.C. from 1952 until 1968 with the exception of a period in 1956 when she was not eligible for such aid, that she obtained employment at Mercy Hospital in Davenport, Scott County, Iowa, on September 12, 1967, and was so employed at the time of this trial. It also appears that until February 1968, when a social worker discovered her status change, she accepted and used A.D.C. payments based upon a determination made prior to her employment, and that she knew she was to immediately report to her case worker any change in her and her husband's income so an adjustment of her payments could be made. Her hospital pay each two weeks was $97.60, although it varied due to absences for illness, etc.

The principal dispute was as to whether defendant did inform the department of her employment or performed her obligation to advise the social service office in Davenport of her status change. Appellant and her husband testified that she made several telephone calls on the 25th or 26th of September to the department office to report her employment, but conceded she did not reach her case worker or write a letter to the case worker or the department advising of her employment. She testified she told the office receptionist she "had gone to work" and asked her to tell the case worker "so that if there was an adjustment to be made it could be made before * * * the end of the month."

The State's testimony was to the effect that no one at the department in Davenport had received any word, written or otherwise, containing the information that appellant was employed and wished to have her eligibility status redetermined, that the office practice of the department was when such word was received while the case worker was out, a note was left to advise of the message, that no such communication was received by the case worker, and that the department was unaware of this status change until a case worker making a twice-a-year review discovered it in February 1968, almost six months after defendant started to work at the hospital. This review also revealed that one of appellant's sons had moved out of the home during this period and that her husband had changed jobs and was making more money than that shown on the last A.D.C. information sheet. None of these changes had been reported. The case worker further

testified when she asked to see defendant's pay stubs only the husband's were produced. The case worker also recalled receiving a September letter from appellant asking for an additional school fee allowance, but stated there was no mention therein of her employment. She said, if she had received any word of a call regarding defendant's employment, pursuant to her practice she would have immediately checked to find out what defendant was making and what her expenses were in order to make a new adjustment of her A.D.C. payments.

II. We are well aware of section 787.-3(6) which provides, where a verdict is contrary to the evidence the court should grant a new trial, and that under the authority so provided it is within the judicial power of the court to set aside the jury's verdict. Appellant contends this verdict is contrary to the evidence because "there is no evidence in the record to rebut appellant's testimony that she informed (the department's) switchboard operator of her employment" and under these circumstances we should reverse the court's ruling on her motion to dismiss. We cannot agree.

It is true a trial court is vested with considerable discretion in passing on a motion for a new trial, but the prevailing well established rule is that a jury verdict will not be interfered with unless it is clearly against the weight of the evidence or that there is such an utter lack of support for the findings as to require a reversal. State v. Sanders, 260 Iowa 327, 149 N.W. 2d 159; State v. Carlson, 224 Iowa 1262, 276 N.W. 770; 35 C.J.S. False Pretenses § 19.

■ Although there is no direct testimony to refute appellant's testimony that she called the department office to report her employment, under the other circumstances shown the jury was not compelled to believe her. There is considerable evidence which, if believed, would establish that defendant deliberately avoided giving the department such notification and change of status. Appellant admitted she knew changes in her or her husband's income must be reported to the department and that, pursuant to a reported change in status, there would be a re-evaluation and new computation of aid to her. Of course, when one is bound to disclose facts relating to eligibility and status and fails to perform that duty, or when one relates certain facts pertaining to eligibility for aid and suppresses other relative and material facts or information as to status and thereby misleads as to the real facts, such conduct generally constitutes the offense of false pretenses. See 35 C.J.S. False Pretenses § 19.

Under this record there is considerable support for the jury finding of a willful false representation or fraudulent maneuver by appellant to retain assistance to which she was not entitled. When all the evidence and the fair inferences which arose therefrom are considered, it is clear the issue of notification was for the jury whose responsibility it was to weigh and give effect to that evidence. State v. Carlson, supra. Possessed with the knowledge that her changed status called for an adjustment of her A.D.C. aid, and that prior thereto she should not use such payments, it is difficult to find a valid excuse for her acceptance and use of the payments, and especially in the face of a warning by her husband that she should not do so. The jury evidently found appellant willfully did not advise the department of her status change and, under this record, we hold the jury could so find. This finding is not without support in the record and the trial court did not abuse its discretion in refusing to grant a new trial or set aside the verdict on these grounds.

■ III. In her second assignment appellant maintains that section 239.14 of the Code is unconstitutional and that her conviction thereunder was therefore null and void. Specifically, she contends the provisions of this section, which pertain to her duty to report status changes to the department, are too vague and indefinite to

support a criminal charge of obtaining assistance by false pretenses. As authority for this position she cites Lee Enterprises, Inc. v. Iowa State Tax Comm., Iowa, 162 N.W.2d 730; State v. Coppes, 247 Iowa 1057, 78 N.W.2d 10; Landry v. Daley, D. C., 280 F.Supp. 938; United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516; State v. Harrison, 130 W.Va. 246, 43 S.E.2d 214; Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888; Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L. Ed. 322; and Collins v. State Board of Social Welfare, 248 Iowa 369, 81 N.W.2d 4. We do not find them particularly helpful to appellant. It is true, section 239.14 of the Code is a penal statute and must be strictly construed. The due process test to be applied to a penal statute, generally stated, is whether the statute is sufficiently definite and certain to enable all reasonable men to know what acts are proscribed and what conduct will make one liable to punishment. State v. Taylor, 260 Iowa 634, 641, 144 N.W.2d 289, 293; State v. Coppes, supra; People v. Williams, 79 Ill. App.2d 56, 59, 222 N.E.2d 915, 917 (1967).

As a reasonable person appellant knew of her obligations under the statute and what conduct would make her criminally liable for accepting payments under representations she knew were false. The statute was sufficiently definite and certain in these regards, and her admissions reveal her understanding of the provisions now attacked.

In State v. Williams, Iowa, 171 N.W.2d 521 (1969), we considered a similar due process argument relating to a penal statute regarding record-keeping requirements by pharmacists of narcotic sales, and fully discussed the rules to be applied in such matters. We need not repeat that discussion here. Suffice it to say, we held there a penal statute is not so vague and uncertain as to be void for denying due process where the meaning can be fairly ascertained by reference to other judicial determinations, reference to common law, or the

dictionary or when the words themselves have a common and generally-accepted meaning. Also see State v. Coppes, supra, 247 Iowa 1057, 1061–1062, 78 N.W.2d 10, 13–14.

█ Thus, the terms of a penal statute creating a new offense need only be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, and a statute which either forbids or requires the doing of an act is not invalid unless its terms are so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application.

The court in State v. Coppes, supra, at page 1062 of 247 Iowa, at page 13 of 78 N.W.2d, cited with approval from 14 Am. Jur., Criminal Law, section 19, the following: "The legislature * * * must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have a certain understandable rule of conduct, and know what acts it is his duty to avoid."

In the recent case of Powers v. McCullough, 258 Iowa 738, 746, 140 N.W.2d 378, 384, we held, " * * * a statute is not so vague and uncertain as to be void where the meaning of words used can be fairly ascertained by reference to similar statutes, other judicial determinations, reference to the common law, to the dictionary, or if the words themselves have a common and generally accepted meaning." To accept aid payments which appellant knew were not correct due to a change of circumstances which would affect the amount of her A.D.C. aid is clearly a misrepresentation which is specifically prohibited by section 239.14.

We also said in Lee Enterprises, Inc. v. Iowa State Tax Comm., cited by appellant, at page 739 of 162 N.W.2d, " * * * a statute is not unconstitutionally vague merely because clearer or more precise language could have been used" and "a law should not be held invalid as unworkable because of uncertainty of meaning, unless

there is no other reasonable alternative." The rule, we said, was "Only when the act is so indefinite and uncertain that the courts are unable, by accepted rules of construction, to determine with any reasonable degree of certainty what the legislature intended, or when it is so incomplete and inconsistent that it cannot be executed, that the law will be invalidated as indefinite and uncertain." (Citations)

Applying those principles to the case at bar, we must reject the contention that this statute is so vague and indefinite that aid recipients would not know of their obligation to report changes to the department and thereby violate due process and void the verdict rendered herein.

IV. Appellant's contention that she did not violate section 239.14 by accepting these payments because she at all times was entitled to A.D.C. payments, that the right did not cease when she began to work, and that only when the adjustment was made by the department would she be ineligible to receive payments, has no merit. She was aware that the department made prompt adjustments and, in fact, requested one in September to aid with school expenses. By failure to reveal the fact of her employment at that very time she prevented a true eligibility analysis. Had this fact been revealed, it would have shown that she was ineligible to continue to receive her present benefits. Therefore, a finding that this deception was fraudulent was justified.

In People v. Williams, supra, 79 Ill.App. 2d 56, 59–60, 222 N.E.2d 915, 917, the Illinois court was faced with a like contention when the defendant was convicted of illegal receipt of public aid benefits. In upholding the conviction, the court applied the test referred to above and said, "Words in a statute may be defined by common usage, by previous judicial construction, as well as by statutory definition, to render a statute certain. Thus, for example, 'reckless disregard of the safety of others,' 'obscene' and 'indecent,' 'disorder-

ly,' * * * all have been held certain of meaning though not defined in the particular statute. * * * Without attempting to exhaust all authorities, the terms 'willful' or 'willful misrepresentation' have a similar well accepted meaning * * *." Thus, it seems by the use of the terms "willfully false statement or representation" and "or any fraudulent device" one is prohibited from obtaining payment of assistance to which he "is not entitled." These are about as definite and certain as the subject matter and the evil sought to be remedied permits. State v. Coppes, supra.

V. In Collins v. State Board of Social Welfare, supra, 248 Iowa 369, 81 N.W.2d 4, we held chapter 239 of the Code constitutional and, although the attack there was on other grounds, we also find no merit here in appellant's contention that section 239.14 is not sufficiently clear to apprise a reasonable person that the failure to reveal a change of status to the department constituted a misrepresentation and prohibits one from accepting benefit payments subsequent to review action by the board under the penalty prescribed.

Having found no reversible error herein, the judgment of the trial court is affirmed.

Affirmed.

All Justices concur.