THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GUINEVERE DAVIS, Defendant-Appellant.

Third District    No. 77-18

Opinion filed January 31, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial the defendant, Guinevere Davis (Shinn), was found guilty of the offense of public aid fraud in violation of sections 11—18 and 11—21 of the Illinois Public Aid Code (Ill. Rev. Stat. 1973, ch. 23, pars. 11—18 & 11—21). The circuit court of Tazewell County sentenced defendant to confinement in the county jail for a period of 60 days.

The assignments of error presented on this appeal are as follows; one, whether the evidence is sufficient to support the conviction and two, whether the sentence is appropriate under the circumstances. We affirm.

In February and March of 1974, the defendant applied for aid to dependent children seeking assistance for the support of her son Gerald. According to a caseworker who handled the defendant's application, the caseworker advised defendant of the necessity of reporting any change in financial circumstances to the department.

On March 11, 1975, Brenda Sandall, the caseworker then handling the defendant's case, made a routine visit to the defendant's home for the purpose of a redetermination of eligibility. At that time the defendant indicated there was no change in Gerald's status, but the caseworker did ascertain that a decree of divorce had been entered in August of 1974. After receiving a copy of the divorce decree awarding custody of Gerald to his father, the department cancelled the defendant's award. On inquiry the school district confirmed the fact that Gerald's address was that of his father's for the school year commencing in 1974.

The defendant testified in her own behalf indicating that Gerald had lived with her in February and March 1974 when she applied for assistance. She was divorced from her husband in August 1974, and custody of Gerald was awarded to his father. According to Davis, she was advised by her attorney to inform the department of the divorce which she did and also claimed to have sent the department a second copy of the decree of divorce in an apparent response to an inquiry from the department that one had not been received. She also testified that Gerald stayed with her part of the time.

Gerald Davis, the minor son of the defendant, was living with his mother at the time and prior to the entry of a divorce decree. Pursuant to

the divorce decree Gerald thereafter lived with his father. According to Gerald, despite moving out of his mother's home, he nevertheless spent at least two or three days a week at the house where he retained his own room, and where he frequently ate his meals, got his wash done, and was assisted by his mother in obtaining medical assistance.

In seeking to reverse her conviction defendant argues that the evidence fails to establish any criminal intent on her part.

■■ The defendant was charged with and convicted of a violation of section 11—18 of the Illinois Public Aid Code (Ill. Rev. Stat. 1973, ch. 23, par. 11—18) which in substance makes illegal the conduct of a person receiving assistance who knowingly fails to report a change in family composition in order to prevent cancellation of public assistance. Although defendant insists that she did not "knowingly" fail to report the change in her family composition, there is evidence from which it may be inferred she did not report the family composition change, and that she deliberately intended by such conduct to prevent the cancellation of the public assistance. It is true the defendant claimed to have sent copies of her divorce decree on two occasions to the department, but these assertions are uncorroborated and a jury could have inferred the testimony was improbable. Likewise, the testimony that Gerald stayed at her home some of the time, while subject to the inference that she may not have clearly known of her obligation to report her change of circumstances, is also subject to the inference that she made no report because of her desire to secure assistance for him. Of course no declaration of wrongful intent is required since intent can be and usually is inferred from conduct and surrounding circumstances. (*People v. Williams*, 79 Ill. App. 2d 56, 222 N.E.2d 915.) Because of the conflicting inferences which may be drawn from the evidence, we believe this is a case peculiarly within the province of the jury to resolve and we do not find the evidence so improbable or unsatisfactory that the jury's verdict should be disturbed.

Finally, the defendant argues her sentence of confinement in the county jail for 60 days is excessive. The State recommended a sentence of six months confinement or one year probation and 30 days confinement and restitution. At the sentencing hearing the defendant presented evidence of her poor health, her inability to work where the employment required standing, of the absence of any prior criminal record and her offer to make restitution with the assistance of her husband. (Defendant had remarried after the commencement of these proceedings.)

■■ The criteria and factors which should be considered by the trial judge in sentencing have been often stated and need not be restated in this opinion. (See *People v. Perruquet*, 41 Ill. App. 3d 543, 355 N.E.2d 112, and *People v. Buford*, 125 Ill. App. 2d 424, 261 N.E.2d 23.) We believe it is

sufficient to say that the sentence is within the range provided by statute and that it is not so unreasonable so as to constitute an abuse of discretion by the trial judge. We note that at some time during this proceeding the defendant indicated she had neither the ability or intention of making restitution, and it is also apparent from her testimony that restitution would not come from her own funds or efforts. Under such circumstances the trial court could have believed that any other sentence would denigrate the seriousness of the offense.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL, P. J., and ALLOY, J., concur.